United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT FOR THE    MAY 0 6 2003
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION    Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EDITH BEAVERS AND CHARLES GENE BEAVERS | § § § | |
| v. | § § | CIVIL ACTION NO. **B-03-086** |
| RIO GRANDE MEDICINE, INC. AND LABORATORY CORPORATION OF AMERICA | § § § § | [REMOVED FROM THE 197TH JUDICIAL DISTRICT COURT OF CAMERON COUNTY, TEXAS] |

## DEFENDANT LABORATORY CORPORATION OF AMERICA'S NOTICE OF REMOVAL

Defendant Laboratory Corporation of America ("LabCorp") files this Notice of Removal of the civil action brought against it by Plaintiffs Edith Beavers and Charles Beavers ("Plaintiffs"). Based on the following facts, LabCorp would respectfully show the Court that this case is properly removable pursuant to the provisions of 28 U.S.C. § 1441 *et seq.*

1.    Pursuant to 28 U.S.C. § 1441(b),  LabCorp removes this action to the United States District Court for the Southern District of Texas, Brownsville Division, based upon diversity of citizenship, 28 U.S.C. § 1332.

2.    On November 14, 2002, Plaintiffs filed an Original Petition, including a demand for a jury trial, in the 197th Judicial District Court of Cameron County, Texas, as Cause No. 2002-11-00-4565-C.   The petition named LabCorp and Rio Grande Medicine, Inc. ("Rio Grande") as Defendants.  LabCorp was served with citation on November 20, 2002.  LabCorp answered Plaintiffs' petition on December 16, 2002.  LabCorp filed its Third Party Petition on January 14, 2003 against Baxter Healthcare Corporation ("Baxter Healthcare").

3.    LabCorp's Notice of Removal is procedurally correct.  Pursuant to 28 U.S.C. § 1446(b), if the lawsuit was not removable at the time of filing but later becomes removable, the notice of

---

removal must be filed within 30 days after LabCorp's receipt of an amended pleading, motion, order or *other paper* from which it may be first ascertained that the case is removable. 28 U.S.C. § 1446(b) (emphasis added). "Other paper" includes a plaintiff's response to request for admissions. *Deaker v. Bell Helicopter Textron, Inc.*, No. H-94-2387, 1995 WL 559359, at *3 (S.D. Tex. 1994) (plaintiff's admissions constitute "other paper"); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F. Supp. 390, 391 (N.D. Tex. 1993) (same); *Hines v. AC & S, Inc.*, 128 F. Supp.2d 1003, 1005 (N.D. Tex. 2001) (discovery answers are "other paper."). On April 7, 2003, Plaintiffs served their Amended Responses to Rio Grande's Request for Admissions. By making certain admissions in their Amended Responses to Rio Grande's Request for Admissions, Plaintiffs' lawsuit became removable to federal court. LabCorp's Notice of Removal is therefore timely filed.

4.    A lawsuit that was non-removable at the time of the Plaintiffs' initial pleading is removable under 28 U.S.C. § 1446(b) pursuant to a "voluntary" act of the Plaintiffs. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967). Discovery answers and supplemental discovery answers are voluntary acts by the Plaintiffs. *See Hines*, 128 F. Supp.2d at 1007. As such, Plaintiffs' Amended Responses to Rio Grande's Request for Admissions are voluntary acts by Plaintiffs.

5.    At the time LabCorp was first served with Plaintiffs' Original Petition on November 2, 2002, this lawsuit was not removable because the parties were not diverse. Plaintiffs filed their First Amended Original Petition on April 8, 2003. Plaintiffs filed their lawsuit against LabCorp and Rio Grande alleging that Edith Beavers was injured when a defective chair or broken phlebotomy chair caused her to fall as she was having her blood drawn by LabCorp. Plaintiffs allege that Rio Grande owned, operated and/or controlled the facility where the alleged negligence occurred. (*See* Plaintiffs' First Amended Original Petition, ¶ 5.01). Plaintiffs

contend that the alleged negligence involved a "defectively designed, manufactured, improperly maintained and/or broken phlebotomy chair manufactured by Baxter Healthcare." *See id.*

6.    On April 7, 2003, Plaintiffs served their Amended Responses to Rio Grande's Request for Admissions.  Plaintiffs admit for the first time that "at all times relevant that the allegedly defective or broken chair was owned, possessed and under the control of Laboratory Corporation of America." (*See* Plaintiffs' Amended Responses to Rio Grande's Request for Admissions, No. 6, attached as Exhibit A).  Plaintiffs further admit that LabCorp provided Rio Grande laboratory services pursuant to a contract. (*See* Plaintiffs' Amended Responses to Rio Grande's Request for Admissions, No. 12, attached as Exhibit A).

7.    The threshold inquiry in a negligence action is determining whether a defendant owed a duty to the plaintiff.  *Smith v. Merritt*, 940 S.W.2d 602, 604 (Tex. 1997).  The absence of Rio Grande's control of LabCorp's phlebotomy chair is dispositive as to the issue of Rio Grande's duty to Plaintiffs.  *See Hann v. Vastar Resources, Inc.*, 84 S.W.3d 372, 376 (Tex. App.—Beaumont, no pet.) (owner's control must have a nexus to condition that allegedly caused injury).  Absent possession, ownership, or control of the chair, Rio Grande cannot owe Plaintiffs any duty.

8.    Plaintiffs' voluntary admissions demonstrate that Rio Grande did not owe Plaintiffs a duty of care regarding LabCorp's phlebotomy chair.  First, Plaintiffs' admissions establish that the phlebotomy chair was owned, possessed, and under the control of LabCorp.  Second, Texas law provides that absent Rio Grande's control of the instrumentality that allegedly caused Plaintiffs' alleged injuries, Rio Grande cannot owe Plaintiffs a duty.  Specifically, the focus of any inquiry must be on the control exerted by Rio Grande over the phlebotomy chair that allegedly injured Plaintiffs.  *See Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 23 (Tex. 1993); *Gunn v.*

*Harris Methodist Affil. Hosps.*, 887 S.W.2d 248, 251 (Tex. App.—Fort Worth 1994, writ denied).

9.     Plaintiffs have voluntarily admitted that the allegedly "improperly maintained and/or broken phlebotomy chair" was under the control of LabCorp.   Because LabCorp possessed, owned, and controlled the phlebotomy chair, Rio Grande cannot owe Plaintiffs a duty of care with regard to the phlebotomy chair.  Rio Grande therefore is not a proper party.

10.     After receiving the information described above, it is readily apparent that Rio Grande is not a proper party to this lawsuit and this case is removable pursuant to 28 U.S.C. § 1331.

11.     Defendants Rio Grande and Baxter Healthcare each consent to and join in the removal of this action.  *See* 28 U.S.C. § 1441(b); *see also* (Defendants' Documents Consenting to Removal, attached as Exhibit B.).

12.     LabCorp has attached to this Notice, true and correct copies of all pleadings, process, orders, and all other filings in the state court action as required by 28 U.S.C. § 1446(a).  Venue is proper in this district under 28 U.S.C. § 1441(a) because this district embraces the place in which the removed action has been pending.  LabCorp will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action has been pending.

13.     Contemporaneously with the filing of this notice, LabCorp will file with the clerk of the state court, and will serve on counsel for Plaintiffs, a Notice of Filing of Notice of Removal.

14.     Attached to this Notice of Removal is a list of Documents being filed and a List of Counsel of Record.

WHEREFORE, the Removing Defendant, with the consent of all other Defendants who, by and through their respective counsel, join in this Notice of Removal as set forth below, respectfully requests that this action be duly removed to this Court and that it proceed herein.

Respectfully submitted,

D. FAYE CALDWELL
S.D. No.: 13810
Texas Bar No.: 03618550
Attorney-in-Charge
CALDWELL & CLINTON P.L.L.C.
1000 First City Tower
1001 Fannin
Houston, Texas 77002
Telephone: (713) 654-3000
Telecopier: (713) 654-3002

OF COUNSEL:
JACQUELINE M. POURCIAU
S.D. No.: 24439
Texas Bar No. 24014484
CALDWELL & CLINTON P.L.L.C.
1000 First City Tower
1001 Fannin
Houston, Texas 77002
Telephone: (713) 654-3000
Telecopier: (713) 654-3002
ATTORNEYS FOR LABORATORY
CORPORATION OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel by facsimile and/or certified mail, return receipt requested, on this the ___6___ day of May, 2003:

Harold Eisenman
The Law Offices of Harold Eisenman, P.C.
1900 West Loop South, Suite 1420
Houston, Texas 77027

Jack G. Carinhas, Jr.
The Law Office of Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521

Craig H. Vittitoe
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

John W. Weber, Jr.
Fulbright & Jaworski L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792

D. FAYE CALDWELL

CAUSE NO. 2002-11-4565-C

| | | |
|---|---|---|
| EDITH BEAVERS AND CHARLES GENE BEAVERS | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | CAMERON COUNTY, T E X A S |
| RIO GRANDE MEDICINE, INC. AND LABORATORY CORPORATION OF AMERICA | § § § § | 197TH JUDICIAL DISTRICT |

**PLAINTIFFS, EDITH BEAVERS AND CHARLES GENE BEAVERS
AMENDED RESPONSES AND OBJECTIONS TO
DEFENDANTS REQUEST FOR ADMISSIONS**

TO:    Defendant, RIO GRANDE MEDICINE, INC., by and through its attorney of record: Craig H. Vattitoe, Adams & Graham, L.L.P., 222 E. Van Buren, West Tower, P.O. Drawer 1429, Harlingen, Texas 78551

COMES NOW EDITH BEAVERS AND CHARLES GENE BEAVERS, Plaintiffs herein,

and pursuant to the Texas Rules of Civil Procedure, files their amended responses and objections

to Defendant's Request for Admissions previously served upon them.

Respectfully submitted,

**HAROLD EISENMAN, P.C.**

By: _____
　　　　Harold Eisenman
　　　　State Bar No. 06503500
　　　　1900 West Loop South, Suite 1420
　　　　Houston, Texas 77027
　　　　Telephone: (713) 840-7180
　　　　Facsimile : (713) 840-9620

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff, Edith Beavers and Charles Gene Beavers Amended Responses and Objections to Defendants Request for Admissions has been forwarded to all counsel of record by certified mail, return receipt requested, overnight express mail, facsimile and/or hand delivery, on the \_\_\_7\_\_\_ day of April 2003.

D. Faye Caldwell
Caldwell & Clinton, P.L.L.C.
1000 First City Tower
1001 Fannin
Houston, Texas 77002

Craig H. Vittitoe
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

John W. Weber, Jr.
Fulbright & Jaworski, L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792

Jack G. Carinhas, Jr.
The Law Office of Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521

HAROLD EISENMAN

## DEFENDANT, RIO GRANDE MEDICINE, INC.'S REQUEST FOR ADMISSIONS TO PLAINTIFF'S EDITH BEAVERS AND CHARLES GENE BEAVERS

6.    Admit that at all times relevant that the allegedly defective or broken chair was owned, possessed and under the control of Laboratory Corporation of America, Inc.

**RESPONSE:**

Admit.

8.    Admit that at all time relevant that Mary Ariste was an employee of Laboratory Corporation of America, Inc.

**RESPONSE:**

Admit.

9.    Admit that at all relevant times that Mary Ariste was not an employee of Rio Grande Medicine, Inc.

**RESPONSE:**

Denied for lack of sufficient information.  Answer will be amended after discovery.

10.    Admit that Rio Grande Medicine, Inc. is not a parent or subsidiary corporation of Laboratory Corporation of America, Inc.

**RESPONSE:**

Admit.

11.    Admit that Laboratory Corporation of America, Inc. is not a parent or subsidiary corporation of Rio Grande Medicine, Inc.

**RESPONSE:**

Admit.

12.    Admit that at all times relevant that Laboratory Corporation of American, Inc. had a contractual relationship with Rio Grande Medicine, Inc. to engage laboratory services.

**RESPONSE:**

Admit.

13.   Admit that the Plaintiffs have no competent evidence that Rio Grande Medicine, Inc. knew of the alleged defect to the chair in question prior to the incident made the basis of suit.

**RESPONSE:**

Denied for lack of sufficient information.  Answer will be amended after discovery.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDITH BEAVERS AND CHARLES GENE BEAVERS | § § § | |
| v. | § § | CIVIL ACTION NO. **B⁻03-086** |
| RIO GRANDE MEDICINE, INC. AND LABORATORY CORPORATION OF AMERICA | § § § § | [REMOVED FROM THE 197TH JUDICIAL DISTRICT COURT OF CAMERON COUNTY, TEXAS] |

## LIST OF DOCUMENTS ATTACHED TO NOTICE OF REMOVAL

The following documents are attached to the Notice of Removal filed herein.

1.  Docket Sheet in Cause No. 2002-11-004565-C; *Edith Beavers and Charles Gene Beavers v. Rio Grande Medicine, Inc. and Laboratory Corporation of America*; In the 197th Judicial District Court of Cameron County, Texas

2.  Plaintiffs' Original Petition.

3.  Defendant Laboratory Corporation of America's Original Answer.

4.  Defendant Rio Grande Medicine, Inc.'s Original Answer.

5.  Jury Demand of Defendant Rio Grande Medicine, Inc.

6.  Defendant Laboratory Corporation of America's Third Party Petition.

7.  Third Party Defendant Baxter Healthcare Corporation's Original Answer and Demand for Jury.

8.  Defendant Rio Grande Medicine, Inc.'s Special Exceptions to Plaintiffs' Original Petition

9.  Defendant Rio Grande Medicine, Inc.'s Motion to Compel against Plaintiffs.

10.   Order Setting Hearing on Motion to Compel filed by Defendant Rio Grande Medicine, Inc. against Plaintiff.

11.   Motion for Hearing Upon Special Exceptions filed by Defendant Rio Grande Medicine, Inc.

12.   Defendant Rio Grande Medicine, Inc.'s Motion to Deem Requests for Admission "Admitted".

13.   Order Setting Hearing on Defendant Rio Grande Medicine, Inc.'s Motion for Hearing Upon Their Special Exceptions and Motion to Deem Requests for Admissions Admitted.

14.   Plaintiffs' First Amended Original Petition.

15.   List of Counsel of Record for the Parties.

Respectfully submitted,

D. FAYE CALDWELL
S.D. No.: 13810
Texas Bar No.: 03618550
Attorney-in-Charge
CALDWELL & CLINTON P.L.L.C.
1000 First City Tower
1001 Fannin
Houston, Texas 77002
Telephone: (713) 654-3000
Telecopier: (713) 654-3002

OF COUNSEL:

JACQUELINE M. POURCIAU
S.D. No.: 24439
Texas Bar No. 24014484
CALDWELL & CLINTON P.L.L.C.
1000 First City Tower
1001 Fannin
Houston, Texas 77002
Telephone: (713) 654-3000
Facsimile: (713) 654-3002

ATTORNEYS FOR DEFENDANT
LABORATORY CORPORATION OF AMERICA

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument was forwarded to the listed counsel of record via certified mail, return receipt requested on this the 6 day of May, 2003.

Harold Eisenman
The Law Offices of Harold Eisenman, P.C.
1900 West Loop South, Suite 1420
Houston, Texas 77027

Craig H. Vittitoe
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

Jack G. Carinhas, Jr.
The Law Office of Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521

John W. Weber, Jr.
Fulbright & Jaworski L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792

D. FAYE CALDWELL

# CIVIL DOCKET - JUDGE'S ENTRIES

CERTIFIED COPY

RULE 26-TRCP

PAGE: 01

RUN DATE
RUN TIME 9998

HON TOM LOCKHART
P O DRAWER 1429
HARLINGEN TX 78551 1429
(ATTY FOR RIO GRANDE MEDICINE, INC)

HON JOHN W WEBER JR
300 CONVENT STREET, SUITE 2200
SAN ANTONIO TX 78205
(ATTY FOR 3RD PARTY DEFT (BAXTER HEALTHCARE CORP)

D0159301

HON. HAROLD EISENMAN
1900 WEST LOOP SOUTH, SUITE 1420
HOUSTON, TX    77027    0000

HON D FAYE CALDWELL
1000 FIST CITY TOWER
1001 FANNIN
HOUSTON TX  77002 (ATTY FOR LABORATORY CORP OF AMERICA)

| NAME OF P | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| EDITH BEAVERS AND CHARLES GENE BEAVERS | | |
| VS | | (10) |
| RIO GRANDE MEDICINE, INC. AND LABORATORY CORPORATI | | DAMAGES |

CASE NO. 2002-11-004565-C

| MONTH | DAY | YEAR |
|---|---|---|
| 11 | 14 | 02 |

COURT'S DOCKET (Rule 26, TRCP)

| DATE OF ORDERS | |
|---|---|
| 3/25/03 | Mtn to compel set for 4/9/03 @ 9am (mj/b). |

FILED _____ _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

**NOV 1 4 2002**

DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

CERTIFIED COPY

CAUSE NO. 2002-11-4565-C

| | | |
|---|---|---|
| EDITH BEAVERS AND | § | IN THE DISTRICT COURT |
| CHARLES GENE BEAVERS | § | |
| | § | |
| V. | § | 197th DISTRICT COURT |
| | § | |
| RIO GRANDE MEDICINE, INC. AND | § | |
| LABORATORY CORPORATION OF | § | |
| AMERICA | § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Edith Beavers** and **Charles Gene Beavers**, Plaintiffs herein, complaining of **Rio Grande Medicine, Inc**. and **Laboratory Corporation of America**, hereinafter referred to as Defendants, and for their cause of action would respectfully show unto this Honorable Court as follows:

### 1.
### Discovery Control Plan Level

Plaintiffs intend that discovery be conducted under Discovery Level 2.

### 2.
### Jury Request

Plaintiffs hereby demand trial by jury.

### 3.
### Parties and Service

3.01    Plaintiffs **Edith Beavers** and **Charles Gene Beavers** are residents of Cameron County, Texas.

3.02    Defendant **Rio Grande Medicine, Inc.** is a Texas corporation authorized to do business in the State of Texas and may be served with citation through its registered agent for service of process, William H. Torkildsen, 2121 Pease Street, Suite 1C, Harlingen, Texas 78550.

CERTIFIED COPY

3.03   Defendant **Laboratory Corporation of America** is a Delaware corporation authorized to do business in the State of Texas, and may be served with citation through its registered agent for service of process, C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Harris County, Texas 77002.

**4.**
## Jurisdiction and Venue

4.01   This court has jurisdiction of the subject matter in controversy and of the parties to this lawsuit, and Plaintiffs have suffered damages in a sum in excess of the minimum jurisdictional limits of this court.

4.02   Venue is properly laid in Cameron County pursuant to Section 15.002(a)(1), Civil Practice & Remedies Code because the events giving rise to the causes of action complained of herein occurred in Cameron County, Texas.

**5.**
## Underlying Facts and Causes of Action

5.01   Plaintiffs bring this suit to recover for personal injuries sustained by **Edith Beavers** as a result of the negligence of agents, servants, and employees of the Defendants which occurred at the facility of **Laboratory Corporation of America** located on premises owned, operated and/or controlled by **Rio Grande Medicine, Inc**. on December 5, 2000.

5.02   At the time and on the occasion in question, **Edith Beavers** was a medical patient of Defendants for the purpose of having her blood drawn for laboratory testing in accordance with directions from **Rio Grande Medicine, Inc.** At all material times the Defendants knew of the unreasonably dangerous condition of the premises; specifically, a defective or broken chair which caused **Edith Beavers** to fall when the chair collapsed as she was rising after her blood was drawn; and Defendants neither corrected nor warned Ms. Beavers of such dangerous condition. **Edith Beavers** did not have any knowledge of the dangerous condition and could

CERTIFIED COPY

not have reasonably been expected to discover it before her fall. Defendants' failure to correct the condition or to warn **Ms. Beavers** constituted negligence, and such negligence was a proximate cause of the occurrence in question and her resulting injuries and damages.

**6.**
**Damages Suffered by Edith Beavers**

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff **Edith Beavers** was caused to suffer serious and disabling injuries to her body generally, including injuries to Plaintiff's head and brain. Some of such injuries are, in reasonable probability, permanent in nature, and Plaintiff has incurred the following damages:

a)    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

b)    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c)    Physical pain and suffering in the past;

d)    Mental anguish in the past;

e)    Physical pain and suffering in the future;

f)    Mental anguish in the future;

g)    Past loss of earnings;

h)    Future loss of earning capacity;

i)    Physical impairment in the past; and

j)    Physical impairment which, in all reasonable probability, will be suffered in the future;

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## 7.
## Damages Suffered by Charles Gene Beavers

Plaintiff **Charles Gene Beavers** will further show that he was married to Edith Beavers on the date of the occurrence made the basis of this suit and has been so married for the past 42 years.  As a direct and proximate result of the negligence of Defendants, as described above, there has been a substantial impairment of the marital relationship between the Plaintiffs.  Accordingly, Plaintiff **Charles Gene Beavers** has had to provide nursing and care to his wife, and has sustained a serious loss of the affection, solace, comfort, companionship, society, counsel, household services, and consortium that he previously received from his spouse.

## 8.
## Exemplary Damages

As a result of the above described conduct, Defendants were grossly negligent in that the actions of Defendants were more than momentary thoughtlessness, error of judgment, or inadvertence. The actions and conduct of Defendants involved such an entire want of care as could have resulted only from a conscious indifference to the rights and welfare of Plaintiffs.  Therefore, for such willful and wanton conduct on behalf of Defendants, Plaintiffs sue for exemplary damages in an amount to be determined at trial.

## 9.
## Prayer

WHEREFORE, premises considered, Plaintiffs pray that the Defendants be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiffs recover:

CERTIFIED COPY

1) Judgment against Defendants, jointly and severally, for their actual and exemplary damages as set forth above in an amount in excess of the minimum jurisdictional limits of this Court;

2) Prejudgment and post-judgment interest at the maximum rate allowed by law;

3) Costs of court; and

4) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

The Law Office of Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Telephone:   956/542-9161
Telefax:      956/542-3651

and

The Law Office of Harold Eisenman, P.C.
1900 West Loop South, Suite 1420
Houston, Texas 77027
Telephone:   713/840-7180
Telefax:      713/840-9620

by: _____
Harold Eisenman
S.B. No. 06503500

ATTORNEYS FOR PLAINTIFFS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
_____ DEPUTY

CERTIFIED

FILED ___ ___ o'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

DEC 16 2002

DISTRICT COURT OF CAMERON COUNTY TEXAS

*Yolanda Zamora*

Cause No. 2002-11-004565-C

| | | |
|---|---|---|
| EDITH BEAVERS and | § | IN THE DISTRICT COURT OF |
| CHARLES GENE BEAVERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CAMERON COUNTY, T E X A S |
| | § | |
| RIO GRANDE MEDICINE, INC and. | § | |
| LABORATORY CORPORATION OF | § | |
| AMERICA | § | |
| | § | |
| Defendants. | § | 197TH JUDICIAL DISTRICT |

## DEFENDANT LABORATORY CORPORATION OF AMERICA'S
## ORIGINAL ANSWER

Defendant Laboratory Corporation of America ("LabCorp"), files its Original Answer to

Plaintiffs Edith Beaver and Charles Gene Beavers's Original Petition and would respectfully

show the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, LabCorp generally denies each and every,

all and singular, material allegations contained in Plaintiffs' pleadings filed herein, and demands

strict proof thereof, as required by the laws of this State of persons or entities who bring suit as

Plaintiffs do in this instant case.

### II.
### AFFIRMATIVE DEFENSES

### A.

LabCorp affirmatively defends on the basis that Plaintiff Charles Gene Beavers has failed

to state a claim upon which relief can be granted.

CERTIFIED COPY

## III.
## CONCLUSION

LabCorp respectfully reserves the right at this time to amend its answer.

WHEREFORE, PREMISES CONSIDERED, Defendant Laboratory Corporation of America prays that Plaintiffs take nothing by way of this action and that Defendant be awarded its costs, and for such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

CALDWELL & CLINTON P.L.L.C.

D. FAYE CALDWELL    423801
TBA No. 03618550
E. LINDSEY EVERSON    423802
TBA No. 24002069
1000 First City Tower
1001 Fannin
Houston, Texas 77002
Telephone: (713) 654-3000
Facsimile: (713) 654-3002

ATTORNEYS FOR DEFENDANT,
LABORATORY CORPORATION OF AMERICA



 CERTIFIED COPY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon

the following counsel by facsimile and/or certified mail, return receipt requested, on December

13, 2002:

Harold Eisenman
The Law Offices of Harold Eisenman, P.C.
1900 West Loop South, Suite 1420
Houston, Texas 77027
Fax: (713) 840-9620

The Law Office of Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Fax: (956) 542-3651

D. FAYE CALDWELL

---

LABCORP'S ORIGINAL ANSWER                                                          PAGE 3
U:\LabCo\02Bea\ele.orig ans doc

CERTIFIED COPY

CAUSE NO. 2002-11-4565-C

| | | |
|---|---|---|
| EDITH BEAVERS AND | : | IN THE DISTRICT COURT |
| CHARLES GENE BEAVERS | : | |
| | : | |
| VS | : | OF CAMERON COUNTY, TEXAS |
| | : | |
| RIO GRANDE MEDICINE, INC., AND | : | |
| LABORATORY CORPORATION OF | : | |
| AMERICA | : | 197TH JUDICIAL DISTRICT |

---

**ORIGINAL ANSWER OF DEFENDANT,
RIO GRANDE MEDICINE, INC.**

---

TO THE SAID HONORABLE COURT:

COMES NOW **RIO GRANDE MEDICINE, INC.**, one of the Defendants in the above styled and numbered cause, and files this its Original Answer in reply to Plaintiffs' Original Petition and in connection therewith would respectfully show unto the Court the following:

I.

This Defendant denies each and every material allegation in Plaintiffs' petition contained, and says that the same are not true, in whole or in part, and demands strict proof thereof.

II.

Credits and Contributions

Comes again this Defendant and herewith affirmatively pleads and reserves the following rights as guaranteed by Chapter 33 of the Texas Civil Practice and Remedies Cod:

A.   The right to elect the application of credit toward any judgment which may be obtained in this case;

B.   The right to a determination by the tried fact on the issue of the percentage of responsibility of each claimant, each defendant, each non-suited defendant, each contributing defendant, and each settling person;

C.   The right to full reduction or limitation of any sums which may be recovered by the claims; and

D.   The right to contribution from any other person or entity found to be liable to the claimants.

CERTIFIED COPY

Accordingly, this Defendant reserves their statutory right to contribution or credit with respect to the other parties in this case as set forth in Chapters 32 and 33 of the Texas Civil Practice and Remedies Code, Vernon's Annotated Texas Civil Statutes. This Defendant specifically reserves the right to submit issues to the jury inquiring of the alleged responsibility of all parties joined by the Plaintiffs as defendants in this cause, those defendants non-suited by Plaintiffs in this cause, and all settling defendants, or alternatively reserves the right to elect for a dollar for dollar credit for any settlement of monies or other valuable consideration paid or agreed upon or for the benefit of the Plaintiffs, or, alternatively, reserves the statutory right to avail itself of such percentage or dollar credits as provided by the statute and the common law.

III.

Chapter 41, Civil Practice and Remedies Code

**These legal contentions are for the Court only.** Comes again this Defendant and herewith affirmatively pleads Chapter 41 of the Civil Practice and Remedies Code and says that if the Plaintiffs can somehow convince the Court and Jury that it is in anyway entitled to punitive damages, then, in that unlikely event, this Defendant herewith affirmatively pleads the cap imposed by law upon any award of punitive damages.

WHEREFORE, PREMISES CONSIDERED, this Defendant prays that upon final hearing hereof that Plaintiffs not recover as prayed for in Plaintiffs' Original Petition, and for such other and further relief, at law or in equity, as it may show itself justly entitled to receive.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
(956) 428-7495
(956) 428-2954 (fax)

By_____
        Tom Lockhart
        State Bar No. 12473500
ATTORNEYS FOR DEFENDANT
RIO GRANDE MEDICINE, INC.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE_____
BY_____
        DEPUTY

[6dp\ C:\FILES\R\R818-ANSWER]                                          Page 2

CER~~~~ ~~~~

**Attorney in Charge:**
Craig H. Vittitoe
State Bar No. 20593900

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the 3 6 day of December, 2002.

Mr. Jack G. Carinhas, Jr.
**LAW OFFICE OF JACK G. CARINHAS, JR.**
Corporate Plaza, Suite-109
302 Kings Highway
Brownsville, TX 78521

Mr. Harold Eisenman
**LAW OFFICE OF HAROLD EISENMAN, P.C.**
1900 West Loop South, Suite 1420
Houston, TX 77027

Tom Lockhart

CERTIFIED COPY

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

CAUSE NO. 2002-11-4565-C

JAN 0 7 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS

| | | |
|---|---|---|
| EDITH BEAVERS AND | : | IN THE DISTRICT COURT |
| CHARLES GENE BEAVERS | : | |
| | : | |
| VS | : | OF CAMERON COUNTY, TEXAS |
| | : | |
| RIO GRANDE MEDICINE, INC., AND | : | |
| LABORATORY CORPORATION OF | : | |
| AMERICA | : | 197TH JUDICIAL DISTRICT |

---

**JURY DEMAND OF DEFENDANT,
RIO GRANDE MEDICINE, INC.**

---

TO THE HONORABLE JUDGE OF SAID COURT:

     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, the Defendant, **RIO GRANDE MEDICINE, INC.**, has deposited with the District Clerk of Cameron County, Texas, the jury fee of Thirty and no/100 Dollars ($30.00) and does make this, its Jury Demand, in the above styled and numbered cause.

                                       Respectfully submitted,

                                       ADAMS & GRAHAM, L.L.P.
                                       P. O. Drawer 1429
                                       Harlingen, TX 78551-1429
                                       (956) 428-7495
                                       (956) 428-2954 (fax)

                                       By_____
                                           Tom Lockhart
                                         State Bar No. 12473500

                                       ATTORNEYS FOR DEFENDANT
                                       RIO GRANDE MEDICINE, INC.

**Attorney in Charge:**
Craig H. Vittitoe
State Bar No. 20593900

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE_____
_____
DEPUTY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the _____ day of January, 2003.

Mr. Jack G. Carinhas, Jr.
**LAW OFFICE OF JACK G. CARINHAS, JR.**
Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, TX 78521

Mr. Harold Eisenman
**LAW OFFICE OF HAROLD EISENMAN, P.C.**
1900 West Loop South, Suite 1420
Houston, TX 77027

Tom Lockhart

CERTIFIED COPY

FILED _____ O'CLOCK _____
AURORA DE LA GARZA DIST. CLERK

JAN 1 4 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUT

Cause No. 2002-11-004565-C

EDITH BEAVERS AND §
CHARLES GENE BEAVERS §
 §
V. §
 §
 §
RIO GRANDE MEDICINE, INC. AND §
LABORATORY CORPORATION OF §
AMERICA §

IN THE DISTRICT COURT OF

CAMERON COUNTY, T E X A S

197TH JUDICIAL DISTRICT

## <u>LABORATORY CORPORATION OF AMERICA'S</u>
## <u>THIRD PARTY PETITION</u>

Laboratory Corporation of America ("LabCorp") files its Third-Party Plaintiff's Original

Petition and would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN

1.     LabCorp intends to conduct discovery under Level 2 of Texas Rule of Civil

Procedure 190.

### PARTIES

2.     Plaintiffs are Edith Beavers and Charles Gene Beaver, and allege in Plaintiffs'

Original Petition that they are residents of Cameron County, Texas.

3.     Defendant and Third-Party Plaintiff is LabCorp, a Delaware corporation.

4.     Defendant is Rio Grande Medicine, Inc., a Texas corporation.

5.     Third-Party Defendant is Baxter Healthcare Corporation ("Baxter Healthcare"), a

Delaware corporation, authorized to do business in Texas.  Baxter Healthcare may be served

with process by serving its registered agent for service of process CT Corporation at 350 N.

St. Paul Street, Dallas, Texas 75201.

CERTIFIED COPY

## FACTS

6.     On November 14, 2002, Plaintiffs sued Defendants LabCorp and Rio Grande Medicine, Inc. for negligence. (Plaintiffs' Original Petition, attached as Exhibit A). LabCorp served its answer on December 13, 2002.

7.     On December 5, 2000, Plaintiff Edith Beavers was having her blood drawn by a LabCorp phlebotomist on the premises owned by Defendant Rio Grande Medicine, Inc. (Plaintiffs' Original Petition, ¶ 5.02). Edith Beavers alleges that an allegedly "defective or broken" phlebotomy chair collapsed as she was rising after having her blood drawn. (Plaintiffs' Original Petition, ¶ 5.02). Plaintiffs contend that Edith Beavers was injured because of the allegedly "defective or broken" phlebotomy chair. (Plaintiffs' Original Petition, ¶ 5.02).

8.     Upon information and belief, the allegedly "defective or broken" phlebotomy chair was manufactured and/or distributed by Baxter Healthcare Corporation, Scientific Products Division, McGaw Park, Illinois 60085-6787.

9.     LabCorp files this Third-Party Original Petition to add Baxter Healthcare as a third-party defendant because Plaintiffs allege that the phlebotomy chair manufactured and/or distributed by Baxter Healthcare was defective. Baxter Healthcare is liable to LabCorp for all or part of Plaintiffs' claims against LabCorp that the phlebotomy chair was defective. Baxter Healthcare was, at the time of this occurrence, and is now engaged in the business of manufacturing and distributing healthcare products, including the phlebotomy chair at issue in the original lawsuit brought by Plaintiffs, for sale to and for use by members of the general public. Baxter Healthcare placed the phlebotomy chair into the stream of commerce by manufacturing and selling the phlebotomy chair for use by persons such as Edith Beavers.

**CAUSE OF ACTION**    CERTIFIED COPY

**Products Liability**

10.    LabCorp repeats and incorporates by reference the allegations above as though fully set forth herein. All conditions precedent have been performed or have occurred. LabCorp, as a defendant and a third party plaintiff, may bring into the lawsuit any third party who is or may be liable to it or the Plaintiffs for all or part of Plaintiffs' claim. TEX. R. CIV. P. 38(a). Plaintiffs allege that Edith Beavers was injured because of a defective chair that was manufactured and/or distributed by Baxter Healthcare. Accordingly, LabCorp filed this third party petition to add Baxter Healthcare as a third party defendant.

**PRAYER FOR RELIEF**

For these reasons, LabCorp asks that Baxter Healthcare be cited to appear and answer and that it be liable for all or part of Plaintiffs' claim. LabCorp prays for all other relief, in law and equity, to which it may be entitled.

Respectfully submitted,

CALDWELL & CLINTON P.L.L.C.

D. FAYE CALDWELL
TBA No. 03618550
E. LINDSEY EVERSON
TBA No. 24002069
1000 First City Tower
1001 Fannin
Houston, Texas 77002
Telephone: (713) 654-3000
Facsimile: (713) 654-3002
ATTORNEYS FOR THIRD PARTY PLAINTIFF
LABORATORY CORPORATION
OF AMERICA

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLE
DISTRICT COURT CAMERON COUNTY, T.
DATE
BY

CERTIFIED COPY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel by facsimile and/or certified mail, return receipt requested, on this the _10th_ day of January, 2003:

Harold Eisenman
The Law Offices of Harold Eisenman, P.C.
1900 West Loop South, Suite 1420
Houston, Texas  77027

Jack G. Carinhas, Jr.
The Law Office of Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas  78521

Craig H. Vittitoe
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

D. FAYE CALDWELL

---

LABCORP'S THIRD PARTY PETITION                                                PAGE 4
U:\LabCo\02Bea\jmp.third.party.petition.doc

CAUSE NO. 2002-11-45465-C

FILED _____ 1:30 _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

NOV 1 4 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

| | | |
|---|---|---|
| EDITH BEAVERS AND CHARLES GENE BEAVERS | § § § | IN THE DISTRICT COURT |
| V. | § § | 197th DISTRICT COURT |
| RIO GRANDE MEDICINE, INC. AND LABORATORY CORPORATION OF AMERICA | § § § § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Edith Beavers** and **Charles Gene Beavers**, Plaintiffs herein, complaining of **Rio Grande Medicine, Inc.** and **Laboratory Corporation of America**, hereinafter referred to as Defendants, and for their cause of action would respectfully show unto this Honorable Court as follows:

### 1.
### Discovery Control Plan Level

Plaintiffs intend that discovery be conducted under Discovery Level 2.

### 2.
### Jury Request

Plaintiffs hereby demand trial by jury.

### 3.
### Parties and Service

3.01   Plaintiffs **Edith Beavers** and **Charles Gene Beavers** are residents of Cameron County, **Texas**.

3.02   Defendant **Rio Grande Medicine, Inc.** is a Texas corporation authorized to do business in the State of Texas and may be served with citation through its registered agent for service of process, William H. Torkildsen, 2121 Pease Street, Suite 1C, Harlingen, Texas 78550.

3 03   Defendant  **Laboratory Corporation of America** is a Delaware corporation authorized to do business in the State of Texas, and may be served with citation through its registered agent for service of process, C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Harris County, Texas 77002.

**4.**
**Jurisdiction and Venue**

4.01   This court has jurisdiction of the subject matter in controversy and of the parties to this lawsuit, and Plaintiffs have suffered damages in a sum in excess of the minimum jurisdictional limits of this court.

4.02   Venue is properly laid in Cameron County pursuant to Section 15.002(a)(1), Civil Practice & Remedies Code because the events giving rise to the causes of action complained of herein occurred in Cameron County, Texas.

**5.**
**Underlying Facts and Causes of Action**

5.01   Plaintiffs bring this suit to recover for personal injuries sustained by **Edith Beavers** as a result of the negligence of agents, servants, and employees of the Defendants which occurred at the facility of **Laboratory Corporation of America** located on premises owned, operated and/or controlled by **Rio Grande Medicine, Inc.** on December 5, 2000.

5.02   At the time and on the occasion in question, **Edith Beavers** was a medical patient of Defendants for the purpose of having her blood drawn for laboratory testing in accordance with directions from **Rio Grande Medicine, Inc.** At all material times the Defendants knew of the unreasonably dangerous condition of the premises; specifically, a defective or broken chair which caused **Edith Beavers** to fall when the chair collapsed as she was rising after her blood was drawn; and Defendants neither corrected nor warned Ms. Beavers of such dangerous condition. **Edith Beavers** did not have any knowledge of the dangerous condition and could

not have reasonably been expected to discover it before her fall. Defendants' failure to correct the condition or to warn **Ms. Beavers** constituted negligence, and such negligence was a proximate cause of the occurrence in question and her resulting injuries and damages.

### 6.
### Damages Suffered by Edith Beavers

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff **Edith Beavers** was caused to suffer serious and disabling injuries to her body generally, including injuries to Plaintiff's head and brain. Some of such injuries are, in reasonable probability, permanent in nature, and Plaintiff has incurred the following damages:

a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

b) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c) Physical pain and suffering in the past;

d) Mental anguish in the past;

e) Physical pain and suffering in the future;

f) Mental anguish in the future;

g) Past loss of earnings;

h) Future loss of earning capacity;

i) Physical impairment in the past; and

j) Physical impairment which, in all reasonable probability, will be suffered in the future;

1)    Judgment against Defendants, jointly and severally, for their actual and exemplary damages as set forth above in an amount in excess of the minimum jurisdictional limits of this Court;

2)    Prejudgment and post-judgment interest at the maximum rate allowed by law;

3)    Costs of court; and

4)    Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

The Law Office of Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Telephone:   956/542-9161
Telefax:       956/542-3651

and

The Law Office of Harold Eisenman, P.C.
1900 West Loop South, Suite 1420
Houston, Texas 77027
Telephone:   713/840-7180
Telefax:       713/840-9620

by:

Harold Eisenman
S.B. No. 06503500

ATTORNEYS FOR PLAINTIFFS

CAUSE NO. 2002-11-004565-C

| | | |
|---|---|---|
| EDITH BEAVERS AND | § | IN THE DISTRICT COURT OF |
| CHARLES GENE BEAVERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | FEB 20 2003 |
| v. | § | |
| | § | |
| RIO GRANDE MEDICINE, INC. AND | § | CAMERON COUNTY, TEXAS |
| LABORATORY CORPORATION OF | § | |
| AMERICA, | § | |
| | § | |
| Defendant. | § | 197TH JUDICIAL DISTRICT |

**THIRD-PARTY DEFENDANT BAXTER HEALTHCARE CORPORATION'S
ORIGINAL ANSWER TO THIRD-PARTY PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Third-Party Defendant Baxter Healthcare Corporation, and files this its

Original Answer in response to Third-Party Petition, and for such answer would show unto the

Court as follows:

**GENERAL DENIAL**

**I.**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Third-Party Defendant enters

a general denial and demands that Third-Party Plaintiff prove its allegations by a preponderance

of the evidence.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant Baxter Healthcare

Corporation requests that Third-Party Plaintiff recover nothing from this suit; that Third-Party

Defendant recover costs of Court; and all other relief to which Third-Party Defendant may be

entitled.

30421505.1

CERTIFIED COPY

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By: _____
    John W. Weber, Jr.
    State Bar No. 21046500
    Byron T. Stone
    State Bar No. 00797505
    300 Convent Street, Suite 2200
    San Antonio, Texas 78205-3792
    Telephone: (210) 224-5575
    Facsimile: (210) 270-7205

Attorneys for Third-Party Defendant
BAXTER HEALTHCARE CORPORATION


## CERTIFICATE OF SERVICE

This pleading has been served upon all counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on February _____, 2003.

| | |
|---|---|
| D. Faye Caldwell | Jack G. Carinhas, Jr. |
| E. Lindsey Everson | THE LAW OFFICE OF JACK G. CARINHAS, JR. |
| CALDWELL & CLINTON, PLLC | 302 Kings Highway, Suite 109 |
| 1000 First City Tower | Brownsville, Texas 78521 |
| 1001 Fannin | |
| Houston, Texas 77002 | Craig H. Vittitoe |
| | ADAMS & GRAHAM, L.L.P. |
| Harold Eisenman | 222 E. Van Buren, West Tower |
| THE LAW OFFICES OF HAROLD EISENMAN, P.C. | P.O. Drawer 1429 |
| 1900 West Loop South, Suite 1420 | Harlingen, Texas 78551 |
| Houston, Texas 77027 | |

_____
John W. Weber, Jr.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

30421505 1                          - 2 -

COPY
CERTIFIED COPY

CAUSE NO. 2002-11-004565-C

| | | |
|---|---|---|
| EDITH BEAVERS AND | § | IN THE DISTRICT COURT OF |
| CHARLES GENE BEAVERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CAMERON COUNTY, TEXAS |
| RIO GRANDE MEDICINE, INC. AND | § | |
| LABORATORY CORPORATION OF | § | |
| AMERICA, | § | |
| | § | |
| Defendant. | § | 197TH JUDICIAL DISTRICT |

## DEMAND FOR JURY

NOW COMES BAXTER HEALTHCARE CORPORATION, Third-Party Defendant in the above-entitled and numbered cause, and pursuant to Rule 216 of the Texas Rules of Civil Procedure, makes this DEMAND FOR JURY TRIAL, and encloses the required jury fee of $30.00.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By: _____
John W. Weber, Jr.
State Bar No. 21046500
Byron T. Stone
State Bar No. 00797505
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

Attorneys for Third-Party Defendant
BAXTER HEALTHCARE CORPORATION

FILED _____ O'CLOCK ___ M
AURORA DE L.. GARZA DIST CLERK
FEB 2 0 2003
DISTRICT COUR. - CAMERON COUNTY, TEXAS
_____ DEPUTY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
DATE _____
BY _____ DEPUTY

30421505.1

## CERTIFICATE OF SERVICE

This pleading has been served upon all counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on February ___ 19th, 2003.

D. Faye Caldwell
E. Lindsey Everson
CALDWELL & CLINTON, PLLC.
1000 First City Tower
1001 Fannin
Houston, Texas 77002

Harold Eisenman
THE LAW OFFICES OF HAROLD EISENMAN, P.C.
1900 West Loop South, Suite 1420
Houston, Texas 77027

Jack G. Carinhas, Jr.
THE LAW OFFICE OF JACK G. CARINHAS, JR.
302 Kings Highway, Suite 109
Brownsville, Texas 78521

Craig H. Vittitoe
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

_____
John W. Weber, Jr.

CERTIFIED COPY    DOLLOR
AURORA DE LA GARZA DIST. CLERK

MAR 2 0 2003

## CAUSE NO. 2002-11-4565-C

EDITH BEAVERS AND          :          IN THE 197TH JUDICIAL
CHARLES GENE BEAVERS       :          DISTRICT COURT OF CAMERON COUNTY, TEXAS
                           :          _____ Deputy
VS                         :          DISTRICT COURT OF
                           :
RIO GRANDE MEDICINE, INC., AND  :
LABORATORY CORPORATION OF  :
AMERICA                    :          CAMERON COUNTY, TEXAS

---

### SPECIAL EXCEPTIONS OF DEFENDANT, RIO GRANDE MEDICINE, INC. TO PLAINTIFFS' ORIGINAL PETITION

---

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Movant, Defendant **RIO GRANDE MEDICINE, INC.**, filing this its *Special Exceptions of Defendant, Rio Grande Medicine, Inc. to Plaintiffs' Original Petition* respectfully showing the Honorable Court as follows:

## I.

### Special Exceptions

A.      Defendant specially excepts to Plaintiffs' Original Petition, paragraph 6 in its entirety where the Plaintiffs sue for monetary "losses and damages in a sum within the jurisdictional limits of the court" for the reason that such is general, vague and non-specific allegation of damages. Movant prays that the court order the Plaintiff to provide the total actual damages sought in this lawsuit and for such other and further relief that Defendant may be entitled.

B.      Defendant specially excepts to Plaintiffs' Original Petition, paragraph 7, due to the failure of Charles Gene Beavers to specify the total monetary amount of damages incurred in accordance with the Texas Rules of Civil Procedure. Accordingly, Movant prays that the court order the Plaintiff to plead such total damages or in the alternative that the paragraph in its entirety be stricken.

CERTIFIED COP`

C.    Defendant specially excepts to Plaintiffs' Original Petition, paragraph 8, alleging exemplary damages due to the failure of the Plaintiffs to plead the specific acts constituting "grossly negligent" conduct so as to afford Movant an opportunity to defend this lawsuit.  Defendant further specially excepts due to the failure of the Plaintiffs to plead the total monetary amount of money sought regarding exemplary damages.  Movant prays that the court order the Plaintiffs to provide such particulars, or in the alternative, that the paragraph in its entirety be stricken.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

By_____
   **CRAIG H. VITTITOE**
State Bar No. 20593900
ATTORNEYS FOR DEFENDANT
RIO GRANDE MEDICINE, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record on this the __18__ day of March, 2003:

Mr. Harold Eisenman
**LAW OFFICE OF HAROLD EISENMAN, P.C.**
1900 West Loop South, Suite 1420
Houston, TX 77027

Ms. D. Faye Caldwell
**CALDWELL & CLINTON, P.L.L.C.**
1000 First City Tower
1001 Fannin
Houston, TX 77002

Mr. John W. Weber, Jr.
**FULBRIGHT & JAWORSKI L.L.P.**
300 Convent Street, Suite 2200
San Antonio, TX 78205



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY_____
                  DEPUTY

_____
Craig H. Vittitoe

## CAUSE NO. 2002-11-4565-C

| | | |
|---|---|---|
| EDITH BEAVERS AND | : | IN THE 197TH JUDICIAL |
| CHARLES GENE BEAVERS | : | |
| | : | |
| VS | : | DISTRICT COURT OF |
| | : | |
| RIO GRANDE MEDICINE, INC., AND | : | |
| LABORATORY CORPORATION OF | : | |
| AMERICA | : | CAMERON COUNTY, TEXAS |

---

## ORDER SETTING HEARING ON
## DEFENDANT, RIO GRANDE MEDICINE, INC.'S
## SPECIAL EXCEPTIONS TO PLAINTIFFS' ORIGINAL PETITION

---

**CAME ON** the **DEFENDANT, RIO GRANDE MEDICINE, INC.'S SPECIAL EXCEPTIONS TO PLAINTIFFS' ORIGINAL PETITION** in the above styled and numbered cause to be presented to the Court, and the Court having considered same and being of the opinion that a hearing should be set, it is therefore,

**ORDERED** that a hearing be set on *DEFENDANT'S SPECIAL EXCEPTIONS* on the _____ day of _____, 2003, at _____ o'clock, ____.m.

SIGNED this the ____ day of _____, 2003.

_____

**HONORABLE MIGDALIA LOPEZ**
*JUDGE PRESIDING*

Copies to:

Craig H. Vittitoe, **ADAMS & GRAHAM, L.L.P.,** P.O. Drawer 1429, Harlingen, TX 78551-1429

Harold Eisenman, **HAROLD EISENMAN, P.C.,** 1900 West Loop South, Suite 1420, Houston, TX 77027

D. Faye Caldwell, **CALDWELL & CLINTON, P.L.L.C.,** 1000 First City Tower, 1001 Fannin, Houston, TX 77002

John W. Weber, Jr., **FULBRIGHT & JAWORSKI, L.L.P.,** 300 Convent Street, Suite 2200, San Antonio, TX 78205

CERTIFIED COPIED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

MAR 2 0 2003

IN THE 107TH JUDICIAL
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## CAUSE NO. 2002-11-4565-C

EDITH BEAVERS AND                    :
CHARLES GENE BEAVERS                 :
                                     :
VS                                   :        DISTRICT COURT OF
                                     :
RIO GRANDE MEDICINE, INC., AND       :
LABORATORY CORPORATION OF            :
AMERICA                              :        CAMERON COUNTY, TEXAS

---

## MOTION TO COMPEL FILED BY DEFENDANT, RIO GRANDE MEDICINE, INC. AGAINST PLAINTIFFS

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Movant, **RIO GRANDE MEDICINE, INC.**, one of the Defendants in the above styled and numbered cause, and filing this motion entitled "*Motion to Compel filed by Defendant, Rio Grande Medicine, Inc. against Plaintiffs*", respectfully showing the Honorable Court as follows:

### I.

Previously Movant served Interrogatories upon Plaintiffs. Plaintiffs responded but in so responding failed to provide adequate answers to Interrogatory No. 10, subparts (b) and (c). The Interrogatory propounded and the answer provided is as follows:

INTERROGATORY 10:

With reference to all doctors seen by you for any reason whatsoever during the past five years, to date, including any whom you may have seen for injuries arising out of the incident referred to in the petition, please state:

(a)    Name and address of doctor.

(b)    Approximate dates you saw the doctor.

(c)    Ailment or injury for which the doctor examined or treated you.

CERTIFIED COPY

ANSWER:
- (a.) [Plaintiffs identified 14 providers by name, address and telephone number].
- (b.) The exact dates are contained within the medical records provided.
- (c.) The ailment or injury are contained within the medical records provided.

## II.

Subsequently, Movant's counsel complained to Plaintiffs' counsel regarding the inadequate answers provided to the Interrogatory 10 (b) and (c). As of this date, Plaintiffs' counsel has failed to supplement by providing adequate answers after being requested to do so.

WHEREFORE, PREMISES CONSIDERED, Movant prays for a hearing and that upon hearing, that the court order Plaintiffs and their counsel to provide adequate answers to Interrogatory No. 10 (b) and (c). and for attorney's fees; and, for such other and further relief necessary.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

By_____
**CRAIG H. VITTITOE**
State Bar No. 20593900
ATTORNEYS FOR DEFENDANT
RIO GRANDE MEDICINE, INC.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
DATE_____
BY_____
DEPUTY

## CERTIFICATE OF CONFERENCE

I have conferred with opposing counsel as evidenced by my correspondence of February 20, 2003, and Plaintiffs' counsel's response dated the same day, copies of which are attached. A hearing is required to resolve this discovery dispute.

_____
Craig H. Vittitoe

## CERTIFICATE OF SERVICE

CERTIFIED COPY

I HEREBY CERTIFY that the original of the above and foregoing instrument was forwarded to Plaintiffs' counsel of record and a true and correct copy to Co-Defendants' counsel of record on this the _17_ day of March, 2003:

| | |
|---|---|
| Mr. Harold Eisenman | **CM/RRR # 7002 0510 0004 1769 3429** |
| **LAW OFFICE OF HAROLD EISENMAN, P.C.** | |
| 1900 West Loop South, Suite 1420 | |
| Houston, TX 77027 | |

| | |
|---|---|
| Ms. D. Faye Caldwell | **U.S. 1ST CLASS MAIL** |
| **CALDWELL & CLINTON, P.L.L.C.** | |
| 1000 First City Tower | |
| 1001 Fannin | |
| Houston, TX 77002 | |

| | |
|---|---|
| Mr. John W. Weber, Jr. | **U.S. 1ST CLASS MAIL** |
| **FULBRIGHT & JAWORSKI L.L.P.** | |
| 300 Convent Street, Suite 2200 | |
| San Antonio, TX 78205 | |

Craig H. Vittitoe

LAW OFFICES OF

# ADAMS & GRAHAM, L.L.P.

AFFILIATED WITH HILL GILSTRAP RIGGS
ADAMS & GRAHAM, L.L.P.

**CRAIG H. VITTITOE**
Partner

222 E. VAN BUREN, WEST TOWER
P. O. DRAWER 1429
HARLINGEN, TEXAS 78551
TEL. (956) 428-7495    FAX (956) 428-2954
adamsgraham.com

AFFILIATE OFFICES
AUSTIN
CHICAGO
DALLAS/FORT WORTH
LITTLE ROCK

February 20, 2003

Mr. Harold Eisenman
**LAW OFFICES OF HAROLD EISENMAN, P.C.**
1900 West Loop South, Suite 1420
Houston, TX 77027

<u>VIA FAX DELIVERY 713/840-9620</u>
<u>& U.S. 1ST CLASS MAIL</u>

Re:     **Cause No. 2002-11-4565-C, 197th Judicial District Court, Cameron County, Texas
Edith Beavers and Charles Gene Beavers vs. Rio Grande Medicine, Inc., and
Laboratory Corporation of America; A&G File No. R-818**

Dear Mr. Eisenman:

This is to acknowledge the receipt of your clients' responses to written discovery.

I draw your attention to Mrs. Beavers' answers to Interrogatories. In particular, Mrs. Beavers'
answer to Interrogatory No. 10. While identifying physicians, your client did not indicate the dates
of treatment but merely indicated that such was "contained within the medical records provided".
Although, in reviewing the medical records provided, I did not note that your client produced any
record dated <u>prior to</u> the date of the alleged incident made the basis of this suit, December 5, 2000.
As such, I interpret your client's testimony to be that she has not seen a physician during the past five
years other than after the alleged date of the occurrence made the basis of suit. If she has seen
physicians, then please promptly identify those physicians that she has seen for any reason during
the past five years by name and address, provide the approximate dates of examination's last
treatment as well as the identity of the ailment or injury for which the doctor examined or treated her.
Similarly, please do the same regarding Interrogatory No. 11 that makes particular inquiry as to
hospitalizations within the past five years.

I would appreciate you advising me accordingly, within the next seven days by providing the
particulars to both Interrogatory No.'s 10 and 11. Additionally, if you or your client are in
possession of medical records relating to treatment dated <u>prior to</u> December 5, 2000, then please
provide the medical records to my attention forthwith.

Sincerely yours,

ADAMS & GRAHAM, L.L.P.

**CRAIG H. VITTITOE**

CHV:mrq

FEB 20 '03   12:56PM

P88

File # _____

Date reviewed by CHV

# HAROLD EISENMAN
## ATTORNEY AT LAW
### A PROFESSIONAL CORPORATION
1900 WEST LOOP SOUTH, SUITE 1420
HOUSTON, TEXAS 77027-3207
TELEPHONE (713) 840-7180   TELECOPIER (713) 840-9620
EMAIL ADDRESS: HAROEISN@SWBELL.NET

BOARD CERTIFIED PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

February 20, 2003

Craig H. Vittitoe                    **VIA FACSIMILE**
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

RE:   Cause No.: 2002-11-4565-C; *Edith Beavers vs. Rio Grande Medicine, Inc. and Laboratory Corporation of America*; In The District of Cameron County, Texas; 197th Judicial District

Dear Mr. Vittitoe:

Pursuant to your letter dated February 20, 2003, the information requested will be at the medical facilities named. A medical authorization executed by Mrs. Beavers has been previously provided. Upon receipt and any medical records (before and/or after) for Mrs. Beavers, our office will forward same to your attention.

Very truly yours,

HAROLD EISENMAN P.C.

Harold Eisenman

HE/ama

## CAUSE NO. 2002-11-4565-C

CERTIFIED COPY

| | | |
|---|---|---|
| EDITH BEAVERS AND CHARLES GENE BEAVERS | : : : | IN THE 197TH JUDICIAL |
| VS | : : | DISTRICT COURT OF |
| RIO GRANDE MEDICINE, INC., AND LABORATORY CORPORATION OF AMERICA | : : : | CAMERON COUNTY, TEXAS |

---

### ORDER SETTING HEARING ON
### MOTION TO COMPEL FILED BY DEFENDANT,
### RIO GRANDE MEDICINE, INC. AGAINST PLAINTIFFS

---

CAME ON the DEFENDANT, RIO GRANDE MEDICINE, INC.'S MOTION TO COMPEL PLAINTIFFS' RESPONSE TO INTERROGATORY NO. 10 in the above styled and numbered cause to be presented to the Court, and the Court having considered same and being of the opinion that a hearing should be set, it is therefore,

ORDERED that a hearing be set on *DEFENDANT'S MOTION TO COMPEL* on the 9 day of *April*, 2003, at 9:00 o'clock, *a*.m.

SIGNED this the 25 day of *March*, 2003.

FILED 11:20 O'CLOCK ___ M
AURORA DE LA GARZA. DIST. CLERK

MAR 25 2003

DISTRICT COURT CAMERON COUNTY TEXAS
BY _____ DEPUTY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____ DEPUTY

*HONORABLE MIGDALIA LOPEZ*
*JUDGE PRESIDING*

MAR 25 2003

Copies to:

Craig H. Vittitoe, **ADAMS & GRAHAM, L.L.P.,** P.O. Drawer 1429, Harlingen, TX 78551-1429

Harold Eisenman, **HAROLD EISENMAN, P.C.,** 1900 West Loop South, Suite 1420, Houston, TX 77027

D. Faye Caldwell, **CALDWELL & CLINTON, P.L.L.C.,** 1000 First City Tower, 1001 Fannin, Houston, TX 77002

John W. Weber, Jr., **FULBRIGHT & JAWORSKI, L.L.P.,** 300 Convent Street, Suite 2200, San Antonio, TX 78205



FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

APR 0 3 2003

IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Gilbert Saucedo_ DEPUTY

**CERTIFIED COPY**
## CAUSE NO. 2002-11-4565-C

EDITH BEAVERS AND          :
CHARLES GENE BEAVERS       :
                           :
VS                         :          DISTRICT COURT OF
                           :
RIO GRANDE MEDICINE, INC., AND :
LABORATORY CORPORATION OF  :
AMERICA                     :          CAMERON COUNTY, TEXAS

---

## MOTION FOR HEARING UPON SPECIAL EXCEPTIONS
## FILED BY DEFENDANT, RIO GRANDE MEDICINE, INC.

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Movant, one of the Defendants **RIO GRANDE MEDICINE, INC.**, filing this its _Motion for Hearing Upon its Special Exceptions of Defendant, Rio Grande Medicine, Inc._ respectfully showing the Honorable Court as follows:

### I.

Movant prays that the court sustain its special exceptions set forth in the original answer of Defendant, Rio Grande Medicine, Inc.

WHEREFORE, PREMISES CONSIDERED, Movant prays for hearing upon its special exceptions.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

By_____
    **CRAIG H. VITTITOE**
State Bar No. 20593900
ATTORNEYS FOR DEFENDANT
RIO GRANDE MEDICINE, INC.

## CERTIFICATE OF CONFERENCE

CERTIFIED COPY

The parties have conferred as evidenced by the attached letter to counsel dated March 18, 2003. The parties are unable to reach an agreement, a hearing is necessary.

_____
Craig H. Vittitoe

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record on this the ____1____ day of April, 2003:

Mr. Harold Eisenman
**LAW OFFICE OF HAROLD EISENMAN, P.C.**
1900 West Loop South, Suite 1420
Houston, TX 77027

Ms. D. Faye Caldwell
**CALDWELL & CLINTON, P.L.L.C.**
1000 First City Tower
1001 Fannin
Houston, TX 77002

Mr. John W. Weber, Jr.
**FULBRIGHT & JAWORSKI L.L.P.**
300 Convent Street, Suite 2200
San Antonio, TX 78205

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____

_____
Craig H. Vittitoe



LAW OFFICES OF
# ADAMS & GRAHAM, L.L.P.
**AFFILIATED WITH HILL GILSTRAP RIGGS**
**ADAMS & GRAHAM, L.L.P.**

CRAIG H. VITTITOE
Partner

222 E. VAN BUREN, WEST TOWER
P. O. DRAWER 1429
HARLINGEN, TEXAS 78551
TEL. (956) 428-7495    FAX (956) 428-2954
adamsgraham.com

AFFILIATE OFFICES
AUSTIN
CHICAGO
DALLAS/FORT WORTH
LITTLE ROCK

March 18, 2003

Mr. Harold Eisenman
**LAW OFFICES OF HAROLD EISENMAN, P.C.**
1900 West Loop South, Suite 1420
Houston, TX 77027

**Re:    Cause No. 2002-11-4565-C, 197th Judicial District Court, Cameron County, Texas; Edith Beavers and Charles Gene Beavers vs. Rio Grande Medicine, Inc., and Laboratory Corporation of America and Baxter Healthcare Corporation A&G File No. R-818**

Dear Mr. Eisenman:

In accordance with the special exceptions enclosed, I would appreciate you amending your petition in a timely manner.

Sincerely yours,

ADAMS & GRAHAM, L.L.P.

**CRAIG H. VITTITOE**

CHV:mrq

Enclosure: Photocopy of Special Exceptions

xc:    **letter & enclosures**
        Ms. D. Faye Caldwell
        **CALDWELL & CLINTON, P.L.L.C.**
        1000 First City Tower
        1001 Fannin
        Houston, TX 77002

xc:    **letter & enclosures**
        Mr. John W. Weber, Jr.
        **FULBRIGHT & JAWORSKI L.L.P.**
        300 Convent Street, Suite 2200
        San Antonio, TX 78205

C:\...\FILES\R\R818\COUNSEL\PLEATY-009.wpd

CERTIFIED COPY

**CAUSE NO. 2002-11-4565-C**

| | | |
|---|---|---|
| EDITH BEAVERS AND | : | |
| CHARLES GENE BEAVERS | : | |
| | : | |
| VS | : | DISTRICT COURT OF |
| | : | |
| RIO GRANDE MEDICINE, INC., AND | : | |
| LABORATORY CORPORATION OF | : | |
| AMERICA | : | CAMERON COUNTY, TEXAS |

---

## DEFENDANT, RIO GRANDE MEDICINE, INC.'S MOTION TO DEEM REQUESTS FOR ADMISSIONS "ADMITTED"

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Movant, **RIO GRANDE MEDICINE, INC.**, one of the Defendants in this cause, filing this motion entitled *"Defendant, Rio Grande Medicine, Inc.'s Motion to Deem Requests for Admissions 'Admitted'"* respectfully showing the Honorable Court as follows:

### I.

On or about March 5, 2003, Movant served its Request for Admissions to Plaintiffs, Edith Beavers and Charles Gene Beavers. The Plaintiffs presented their responses on or about March 13, 2003, through a document entitled "Edith Beavers and Charles Gene Beavers Responses and Objections to Defendant's Request for Admissions". In presenting responses, the Plaintiffs without *objection* failed to "admit" or "deny" Request for Admissions numbers 6, 8, 9, 10, 11, 12 and 13. In this connection, Movant's counsel wrote Plaintiffs' counsel by letter dated March 17, 2003, requesting the Plaintiff to reconsider and present appropriate responses. To this date, such responses have not been received.

WHEREFORE, PREMISES CONSIDERED, Movant prays that the court deem "admitted" Request for Admissions numbers, 6, 8, 9, 10, 11, 12 and 13, pursuant to Rules 198 and 215.4, Texas Rules of Civil Procedure.

Respectfully submitted,    CERTIFIED COPY

**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

By_____
   **CRAIG H. VITTITOE**
State Bar No. 20593900
ATTORNEYS FOR DEFENDANT
RIO GRANDE MEDICINE, INC.


## CERTIFICATE OF CONFERENCE

    The parties have conferred as evidenced by the attached letter to counsel dated March 17,
2003. The parties are unable to reach an agreement, a hearing is necessary.

_____
Craig H. Vittitoe

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
DATE
BY_____ DEPUTY
CAMERON COUNTY, TEXAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record on this the _____ day of April, 2003:

Mr. Harold Eisenman
**LAW OFFICE OF HAROLD EISENMAN, P.C.**
1900 West Loop South, Suite 1420
Houston, TX 77027

Ms. D. Faye Caldwell
**CALDWELL & CLINTON, P.L.L.C.**
1000 First City Tower
1001 Fannin
Houston, TX 77002

Mr. John W. Weber, Jr.
**FULBRIGHT & JAWORSKI L.L.P.**
300 Convent Street, Suite 2200
San Antonio, TX 78205

_____
Craig H. Vittitoe

LAW OFFICES OF

# ADAMS & GRAHAM, L.L.P.

**AFFILIATED WITH HILL GILSTRAP RIGGS ADAMS & GRAHAM, L.L.P.**

CRAIG H. VITTITOE
Partner

222 E. VAN BUREN, WEST TOWER
P. O. DRAWER 1429
HARLINGEN, TEXAS 78551
TEL. (956) 428-7495    FAX (956) 428-2954
adamsgraham.com

AFFILIATE OFFICES
AUSTIN
CHICAGO
DALLAS/FORT WORTH
LITTLE ROCK

March 17, 2003

Mr. Harold Eisenman
**LAW OFFICES OF HAROLD EISENMAN**
1900 West Loop South, Suite 1420
Houston, TX 77027

**VIA FAX DELIVERY 713/840-9620**
**& U.S. 1ST CLASS MAIL**

**Re:   Cause No. 2002-11-4565-C, 197th Judicial District Court, Cameron County, Texas; Edith Beavers and Charles Gene Beavers vs. Rio Grande Medicine, Inc., and Laboratory Corporation of America and Baxter Healthcare Corporation A&G File No. R-818**

Dear Mr. Eisenman:

This acknowledges receipt of Plaintiffs, Edith Beavers and Charles Gene Beavers' responses and objections to Defendants' for Admissions. I note that without objection your client failed to either "admit" or "deny" Request for Admission numbers 6, 8, 9, 10, 11, 12 and 13. Please reconsider and file appropriate responses. The information necessary to respond to these requests is readily available. For one, you may confirm the information necessary to adequately respond by obtaining appropriate information and discovery from Faye Caldwell representing Laboratory Corporation of America, Inc., the entity owning the chair. It is also the exclusive employer of Mary Ariste.

Accordingly, please file adequate responses. If you fail to do so by the end of the week, then I will request the court to deem the Requests admitted and seek appropriate attorney's fees for my client's effort in this regard.

Sincerely yours,

ADAMS & GRAHAM, L.L.P.

**CRAIG H. VITTITOE**

CHV:mrq

xc:   Ms. D. Faye Caldwell
**CALDWELL & CLINTON, P.L.L.C.**
1000 First City Tower
1001 Fannin
Houston, TX 77002

Pmmk: C:\FILES\R\R818\COUNSEL\PLEATY-008.wpd

CERTIFIED COPY

# CAUSE NO. 2002-11-4565-C

| | | |
|---|---|---|
| EDITH BEAVERS AND | : | IN THE 197TH JUDICIAL |
| CHARLES GENE BEAVERS | : | |
| | : | |
| VS | : | DISTRICT COURT OF |
| | : | |
| RIO GRANDE MEDICINE, INC., AND | : | |
| LABORATORY CORPORATION OF | : | |
| AMERICA | : | CAMERON COUNTY, TEXAS |

---

## ORDER SETTING HEARING ON
## DEFENDANT, RIO GRANDE MEDICINE, INC.'S
## MOTION FOR HEARING UPON THEIR SPECIAL EXCEPTIONS
## and
## MOTION TO DEEM REQUESTS FOR ADMISSIONS "ADMITTED"

---

**CAME ON** the **DEFENDANT, RIO GRANDE MEDICINE, INC.'S MOTION FOR HEARING UPON THEIR SPECIAL EXCEPTIONS and MOTION TO DEEM REQUESTS FOR ADMISSIONS "ADMITTED"** in the above styled and numbered cause to be presented to the Court, and the Court having considered same and being of the opinion that a hearing should be set, it is therefore,

**ORDERED** that a hearing be set on *DEFENDANT'S SPECIAL EXCEPTIONS and MOTION TO DEEM REQUESTS FOR ADMISSIONS "ADMITTED"* on the **9th** day of **April**, 2003, at **9:00** o'clock, **a**.m.

SIGNED this the ____ day of _____, 2003.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE

**HONORABLE MIGDALIA LOPEZ**
*JUDGE PRESIDING*

Copies to:

Craig H. Vittitoe, **ADAMS & GRAHAM, L.L.P.,** P.O. Drawer 1429, Harlingen, TX 78551-1429

Harold Eisenman, **HAROLD EISENMAN, P.C.,** 1900 West Loop South, Suite 1420, Houston, TX 77027

D. Faye Caldwell, **CALDWELL & CLINTON, P.L.L.C.,** 1000 First City Tower, 1001 Fannin, Houston, TX 77002

John W. Weber, Jr., **FULBRIGHT & JAWORSKI, L.L.P.,** 300 Convent Street, Suite 2200, San Antonio, TX 78205

CAUSE NO. 2002-11-004565C

| EDITH BEAVERS AND<br>CHARLES GENE BEAVERS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| V. | § | 197TH DISTRICT COURT |
| | § | |
| RIO GRANDE MEDICINE, INC. AND<br>LABORATORY CORPORATION OF<br>AMERICA | § | |
| | § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Edith Beavers** and **Charles Gene Beavers**, Plaintiffs herein, complaining of **Rio Grande Medicine, Inc.**, and **Laboratory Corporation of America**, hereinafter referred to as Defendants, and for their cause of action would respectfully show unto this Honorable Court as follows:

**1.**
### Discovery Control Plan Level

Plaintiffs intend that discovery be conducted under Discovery Level 2.

**2.**
### Jury Request

Plaintiffs hereby demand trial by jury.

**3.**
### Parties and Service

3.01   Plaintiffs **Edith Beavers** and **Charles Gene Beavers** are residents of Cameron County, Texas.

3.02   Defendant **Rio Grande Medicine, Inc.** is a Texas corporation authorized to do business in the State of Texas, which has appeared and answered herein.

3.03   Defendant **Laboratory Corporation of America** is a Delaware corporation authorized to do business in the State of Texas, which has appeared and answered herein.

PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION                    PAGE - 1

**4.**
**Jurisdiction and Venue**

4.01   This court has jurisdiction of the subject matter in controversy and of the parties to this lawsuit, and Plaintiffs have suffered damages in a sum in excess of the minimum jurisdictional limits of this court.

4.02   Venue is properly laid in Cameron County pursuant to Section 15.002(a)(1), Civil Practice & Remedies Code because the events giving rise to the causes of action complained of herein occurred in Cameron County, Texas.

**5.**
**Underlying Facts and Causes of Action and Negligence**

5.01   Plaintiffs bring this suit to recover for personal injuries sustained by **Edith Beavers** as a result of the negligence of agents, servants, and employees of the Defendants which occurred at the facility of **Laboratory Corporation of America** located on premises owned, operated and/or controlled by **Rio Grande Medicine, Inc**. on December 5, 2000, and which involved a defectively designed, manufactured, improperly maintained and/or broken phlebotomy chair manufactured by **Baxter Health Care Corporation.**

5.02   At the time and on the occasion in question, **Edith Beavers** was a medical patient of Defendants for the purpose of having her blood drawn for laboratory testing in accordance with directions from **Rio Grande Medicine, Inc.** At all material times the Defendants knew of the unreasonably dangerous condition of the premises; specifically, a defective, improperly maintained and/or broken phlebotomy chair which caused **Edith Beavers** to fall when the chair collapsed as she was rising after her blood was drawn; and Defendants neither corrected nor warned Ms. Beavers of such dangerous condition.  **Edith Beavers** did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it before her fall.  Defendants' failure to correct the condition or

to warn **Ms. Beavers** constituted negligence, and such negligence was a proximate cause of the occurrence in question and her resulting injuries and damages.

## 6.
## Damages Suffered by Edith Beavers

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff **Edith Beavers** was caused to suffer serious and disabling injuries to her body generally, including injuries to Plaintiff's head and brain. Some of such injuries are, in reasonable probability, permanent in nature, and Plaintiff has incurred the following damages:

a)    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

b)    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c)    Physical pain and suffering in the past;

d)    Mental anguish in the past;

e)    Physical pain and suffering in the future;

f)    Mental anguish in the future;

g)    Past loss of earnings;

h)    Future loss of earning capacity;

i)    Physical impairment in the past; and

j)    Physical impairment which, in all reasonable probability, will be suffered in the future;

By reason of all of the above, Plaintiff **Edith Beavers** has suffered losses and damages in a sum to be determined by the jury, but not to exceed the total sum of Two Million ($2,000,000) Dollars, which is within the jurisdictional limits of the Court and for which this lawsuit is brought.

**7.**
## Damages Suffered by Charles Gene Beavers

Plaintiff **Charles Gene Beavers** will further show that he was married to Edith Beavers on the date of the occurrence made the basis of this suit and has been so married for the past 42 years. As a direct and proximate result of the negligence of Defendants, as described above, there has been a substantial impairment of the marital relationship between the Plaintiffs. Accordingly, Plaintiff **Charles Gene Beavers** has had to provide nursing and care to his wife, and has sustained a serious loss of the affection, solace, comfort, companionship, society, counsel, household services, and consortium that he previously received from his spouse.

By reason of the foregoing, Plaintiff **Charles Gene Beavers** has suffered damages in a sum to be determined by the jury, but not to exceed the total sum of Five Hundred Thousand ($500,000) Dollars, which is within the jurisdictional limits of the Court.

**8.**
## Exemplary Damages

As a result of the above described conduct, Defendants were grossly negligent in that the actions of Defendants were more than momentary thoughtlessness, error of judgment, or inadvertence. The actions and conduct of Defendants involved such an entire want of care as could have resulted only from a conscious indifference to the rights and welfare of Plaintiffs. Therefore, for such willful and wanton conduct on behalf of Defendants, Plaintiffs sue for exemplary damages in a sum to be determined by the jury, but not to exceed the total sum of One Million ($1,000,000) Dollars.

## 9.
## Prayer

WHEREFORE, premises considered, Plaintiffs pray that the Defendants be duly cited to appear and answer herein; and that upon a final trial of this cause, Plaintiffs recover:

1)    Judgment against Defendants **Rio Grande Medicine, Inc.,** and **Laboratory Corporation of America**, jointly and severally, for their actual and exemplary damages as set forth above in an amount in excess of the minimum jurisdictional limits of this Court;

2)    Prejudgment and post-judgment interest at the maximum rate allowed by law;

3)    Costs of court; and

4)    Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

The Law Office of Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Telephone:    956/542-9161
Telefax:        956/542-3651

and

The Law Office of Harold Eisenman, P.C.
1900 West Loop South, Suite 1420
Houston, Texas 77027
Telephone:    713/840-7180
Telefax:        713/840-9620

by: _____
        Harold Eisenman
        S.B. No. 06503500

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing pleading was served upon Ms. D. Faye Caldwell of Caldwell & Clinton, P.L.L.C., 1000 First City Tower, 1001 Fannin, Houston, Texas 77002 and Mr. Craig Vittitoe, Adams & Graham, L.L.P., P. O. Drawer 1429, Harlingen, Texas 78551, and Mr. John W. Weber, Jr. of Fulbright & Jaworski, L.L.P., 300 Convent Street, Suite 2200, San Antonio, Texas 78205-3792, by First Class letter, postage prepaid and properly addressed on this 8th day of April, 2003.

Jack G. Carinhas, Jr.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDITH BEAVERS AND CHARLES GENE BEAVERS | § § § | |
| v. | § § | CIVIL ACTION NO. _____  B-03-086 |
| RIO GRANDE MEDICINE, INC. AND LABORATORY CORPORATION OF AMERICA | § § § § | [REMOVED FROM THE 197TH JUDICIAL DISTRICT COURT OF CAMERON COUNTY, TEXAS] |

## LIST OF COUNSEL OF RECORD

COUNSEL FOR EDITH BEAVERS and CHARLES GENE BEAVERS:

Harold Eisenman
The Law Offices of Harold Eisenman, P.C.
1900 West Loop South, Suite 1420
Houston, Texas 77027
Telephone: (713) 840-7180
Fax: (713) 840-9620

Jack G. Carinhas, Jr.
The Law Office of Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Telephone: (956) 542-9161
Fax: (956) 542-3651

COUNSEL FOR LABORATORY CORPORATION OF AMERICA:

D. Faye Caldwell
Jacqueline M. Pourciau
Caldwell & Clinton P.L.L.C.
1000 First City Tower
1001 Fannin St.
Houston, Texas 77002
Telephone:    (713) 654-3000
Fax:    (713) 654-3002

COUNSEL FOR RIO GRANDE MEDICINE, INC.:

Craig H. Vittitoe
Adams & Graham, LLP
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551
Telephone: (956) 428-7495
Fax: (956) 428-2954


COUNSEL FOR BAXTER HEALTHCARE CORPORATION:

John W. Weber, Jr.
Byron T. Stone
Fulbright & Jaworski LLP
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792
Telephone: (210) 224-5575
Fax: (210) 270-7205

Respectfully submitted,

D. FAYE CALDWELL
S.D. No.: 13810
Texas Bar No.: 03618550
Attorney-in-Charge
CALDWELL & CLINTON P.L.L.C.
1001 Fannin, Suite 1000
Houston, Texas 77002
Telephone: (713) 654-3000
Telecopier: (713) 654-3002

OF COUNSEL:

JACQUELINE M. POURCIAU
S.D. No.: 24439
Texas Bar No. 24014484
CALDWELL & CLINTON P.L.L.C.
1001 Fannin, Suite 1000
Houston, Texas 77002
Telephone: (713) 654-3000
Telecopier: (713) 654-3002

ATTORNEYS FOR DEFENDANT
LABORATORY CORPORATION OF AMERICA

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was forwarded to the listed counsel of record via certified mail, return receipt requested on this the _6_ day of May, 2003.

Harold Eisenman
The Law Offices of Harold Eisenman, P.C.
1900 West Loop South, Suite 1420
Houston, Texas 77027

Jack G. Carinhas, Jr.
The Law Office of Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521

Craig H. Vittitoe
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

John W. Weber, Jr.
Fulbright & Jaworski L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792

D. FAYE CALDWELL