14

# IN THE UNITED STATES DISTRICT
## COURT FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

EDITH BEAVERS AND                :
CHARLES GENE BEAVERS        :
                                      :
VS                                  :
                                      :
RIO GRANDE MEDICINE, INC.,   :
LABORATORY CORPORATION OF  :
AMERICA, AND BAXTER       :
HEALTHCARE CORPORATION    :

United States District Court
Southern District of Texas
FILED

JUN 2 5 2003

Michael N. Milby
Clerk of Court

CIVIL ACTION NO.: B-03-086
(Jury Demanded)

---

## DEFENDANT, RIO GRANDE MEDICINE, INC.'S
## MOTION FOR SUMMARY JUDGMENT

---

CRAIG H. VITTITOE
Admissions ID No. 18756
Texas State Bar No. 20593900
222 East Van Buren, West Tower
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495
Fax: 956/428-2954

**ORAL HEARING
IS REQUESTED**

Attorney-in-Charge for Defendant,
RIO GRANDE MEDICINE, INC.

TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

I.  NATURE AND STAGE OF THE PROCEEDINGS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

İI.  SUMMARY JUDGMENT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

III.  SUMMARY OF THE ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

IV.  ARGUMENTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

# INDEX OF AUTHORITIES

**Page**

Cites:

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-250,
          106 S.Ct. at 2510-11 ........................................................... 3,4

*Celotex Corp. v. Garrett*, 477 U.S. 317 (1986) ............................................... 3,4

*Cities Service*, 391 U.S., at 289 ......................................................... 4

*El Chico Corp. v. Poole*
          732 SW2d 306, 311 (Tex.1987) ................................................. 4

*Exxon Corp. v. Tidwell*
          876 SW2d 19, 23 (Tex.1993) .................................................. 3

*Fields v. City of South Houston, Texas*
          922 F.2d 1183, 1187 (5th Cir. 1991) ........................................... 3,4

*Firestone Steel Products Co. v. Barajas*
          927 SW2d 608, 615 (Tex.1996) ................................................ 4

*Gunn v. Harris Methodist Affiliate Hospitals*
          887 SW2d 248, 251 (Civ.App.-Ft. Worth 1994) .................................. 3

*Hann v. Vastar Resources, Inc.*
          84 SW2d 372,376 (Civ.App.-Beaumont) ......................................... 4

*Lavespere v. Niagara Machine & Tool Works, Inc.*,
          910 F.2d 167, 177-78 (5th Cir. 1990), *re-hearing denied,*
          920 F.2d 259 (5th Cir. 1990) ................................................. 3

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.,*
          475 U.S. 574, 587 (1986) ................................................... 3,4

*Smith v. Merritt*
          940 SW2d 602,604 (Tex.1997) ................................................. 4

*Topalian v. Ehrman*, 954 F.2d 1125 (5th Cir. 1992),
          *cert. denied,* 506 U.S. 825 (1992) ........................................... 4

## IN THE UNITED STATES DISTRICT
## COURT FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

EDITH BEAVERS AND :
CHARLES GENE BEAVERS :
 :
VS :
 :        **CIVIL ACTION NO.: B-03-086**
 :                      (Jury Demanded)
RIO GRANDE MEDICINE, INC., :
LABORATORY CORPORATION OF :
AMERICA, AND BAXTER :
HEALTHCARE CORPORATION :

---

## DEFENDANT, RIO GRANDE MEDICINE, INC.'S
## MOTION FOR SUMMARY JUDGMENT

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, Movant, **RIO GRANDE MEDICINE, INC.**, ("Rio Grande")
filing this its ***Rule 56 Motion for and Brief in Support of Summary Judgment*** and
would show the Court as follows:

### I.

### NATURE AND STAGE OF THE PROCEEDINGS

1.      Edith and Charles Gene Beavers sued to Defendants, Rio Grande Medicine, Inc. and
Laboratory Corporation of America alleging a state law negligence claim arising out of
alleged bodily injury to Edith Beavers occurring on December 5, 2000, in Harlingen,
Cameron County, Texas. In particular, the Plaintiffs' allege that Edith Beavers was injured
as a result of a "defectively designed, manufactured, improperly maintained and/or broken
phlebotomy chair manufactured by Baxter Healthcare Corporation". (See Plaintiffs First
Amended Petition, ¶ 5.1).

2.      While the cause was pending in state district court, Co-Defendant, Laboratory
Corporation ("Lab Corp") of America secured the joinder of third-party Defendant, Baxter
Healthcare Corporation ("Baxter").

3.  ·    This litigation was removed to this court by Lab Corp on May 6, 2003.  Lab Corp
alleged that Rio Grande was not a proper party, i.e., Rio Grande was fraudulently joined
and that this cause was properly removable pursuant to 28 U.S.C. §1441(b), based upon
diversity of citizenship grounds, 28 U.S.C. §1332. Telling, the Plaintiffs did not file a motion
to remand.

## II.

## SUMMARY JUDGMENT EVIDENCE

4.      As summary judgment evidence, Rio Grande relies upon and incorporates by
reference the following:

>  (a.)   Plaintiffs' First Amended Original Petition (Exhibit "A") ; and
>  (b.)   Plaintiff, Edith Beavers and Charles Gene Beavers' Amended
>         Responses and Objections to Defendant's Request for
>         Admissions (Exhibit "B");

## III.

## SUMMARY OF THE ARGUMENT

5.      The Beavers filed this lawsuit against Rio Grande and Lab Corp alleging that Edith
Beavers was injured when a defective phlebotomy chair caused her to fall as she was having
her blood drawn by Lab Corp.  The Plaintiffs further alleged that Rio Grande owned,
operated and controlled the facility where the alleged negligence occurred.  (See Plaintiffs'
First Amended Original Petition ¶ 5.01, attached as Exhibit "A").  More specifically, the
Plaintiffs' allege that the negligence involved a "defectively designed, manufactured,
improperly maintained and/or broken phlebotomy chair manufactured by Baxter
Healthcare".  See *Id.*

6.      In response to written discovery, the Beavers admitted that "at all relevant times that
the allegedly defective or broken chair was owned, possessed and under the control of
Laboratory Corporation of America." (See Plaintiffs' Amended Response to Rio Grande's
Request for Admissions, No. 6, [Exhibit "B"]).  They further admit that Lab Corp provided

Rio Grande laboratory services pursuant to a contract.  (See Plaintiffs' First Amended Response to Rio Grande's Request for Admissions, No. 12, attached as Exhibit "B").

7.      The Beavers' Responses to Request for Admissions demonstrate that Rio Grande did not owe Plaintiffs a duty of care regarding Lab Corp's phlebotomy chair.  Restating, Plaintiffs' admission to Request for Admission No. 6 establishes that the phlebotomy chair was owned, possessed and under the control of Lab Corp.  Absent Rio Grande's control of the instrumentality that caused Plaintiff's injuries, Rio Grande cannot owe the Beavers a duty under Texas law.  The focus of any inquiry must be upon the control exercise by Rio Grande over the phlebotomy chair that allegedly caused Plaintiff, Edith Beavers' injuries. See *Exxon Corp. v. Tidwell*, 867 SW2d 19, 23 (Tex.1993); *Gunn v. Harris Methodist Affiliate Hospitals*, 887 SW2d 248, 251 (Civ.App.-Ft. Worth 1994), writ den'd.  Absent such, Rio Grande is not a proper party.

## IV.

## ARGUMENTS AND AUTHORITIES

8.      Summary Judgment shall be granted when there is not a genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Fields v. City of South Houston, Texas*, 992 F2d 1183, 1187 (5th Cir. 1991); *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F2d 167, 177-78 (5th Cir. 1990), *re-hearing denied*, 920 F2d 259 (5th Cir. 1990). There can be no genuine fact issues, if a reasonable trier fact could not have found for the Plaintiff or the evidence favoring the Plaintiff is insufficient to enable a reasonable jury to return a verdict for them. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-250, 106 S.Ct. at 2510-11; *Lavespere*, 910 F2d at 178.  To satisfy this burden, Rio Grande must either (1) submit evidence or documents that negate the existence of some material element of Plaintiffs' claims, or (2) point out that the evidentiary documents in the record contain insufficient evidence concerning any essential element of the Plaintiffs' claims. *Celotex Corp. v. Garrett*, 477 U.S. 317, 325 (1986); *Lavespere*, 910 F2d at 178.  The non-moving party cannot discharge this burden by referring to the mere allegations or denials of their pleadings; rather, that party must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue exists. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);

*Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Fields*, 922 F2d at 1187; and Fed. R.Civ.P. 56(e). Mere conclusions or allegations are not competent summary judgment evidence and are insufficient to defeat a Motion for Summary Judgment. *Topalian v. Ehrman*, 954 F2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992.)

9.      Merely raising some metaphysical doubt regarding material facts does not create a genuine issue of material fact. *Matsushita*, 475 U.S. at 586. The existence of a scintilla of evidence in support of the non-movant's position will not be sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. Where the record taken as a whole could not lead a rational trier of fact to find the non-moving party, there is no "genuine issue for trial." *Cities Service*, 391 U.S., at 289; *Matsushita*, 475 U.S. at 586.

10.     The threshold inquiry in a negligent action is to determine whether a particular Defendant owed a duty to the Plaintiff. *El Chico Corp. v. Poole*, 732 SW2d 306, 311, (Tex.1987). *Smith v. Merritt*, 940 SW2d 602, 604 (Tex. 1997). The absence of Rio Grande's control over Lab Corp's phlebotomy chair is dispositive as to the issue of Rio Grande's duty to the Plaintiffs. See *Hann v. Vastar Resources, Inc.*, 84 SW3d 372, 376 (Civ.App.-Beaumont, 2000), no pet. Negligence duties in connection with products that cause injury are defined in terms of the Defendant's relationship to the product as a manufacturer, seller, or other supplier [See Restatement (Second) of Torts, §388-402]. A Defendant who neither manufactured, designed nor sold the product (i.e., the phlebotomy chair) that injured the Plaintiff owes no duty to the Plaintiff with respect to the product, and thus cannot be held liable in a products liability negligence action. *Firestone Steel Products Co. v. Barajas*, 927 SW2d 608, 615 (Tex. 1996). Thus, absent ownership, possession or control of the very chair causing injury, Rio Grande cannot owe Plaintiffs any duty and can not be a proper party to this suit.

        *WHEREFORE, PREMISES CONSIDERED*, Rio Grande Medicine, Inc. moves for Summary Judgment under applicable law.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)


By_____
   **CRAIG H. VITTITOE**
State Bar No. 20593900
ATTORNEYS FOR DEFENDANT,
RIO GRANDE MEDICINE, INC.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record on the this the _____ day of June, 2003:

Mr. Harold Eisenman          **CM/RRR # 7002 2410 0002 3597 8864**
**LAW OFFICE OF HAROLD EISENMAN, P.C.**
1900 West Loop South, Suite 1420
Houston, TX 77027
*Attorney for Plaintiffs, Charles Gene and Edith Beavers*


Ms. D. Faye Caldwell          **U.S. 1ST CLASS MAIL**
**CALDWELL & CLINTON, P.L.L.C.**
1000 First City Tower
1001 Fannin
Houston, TX 77002
*Attorney for Laboratory Corporation of America*


Mr. John W. Weber, Jr.          **U.S. 1ST CLASS MAIL**
**FULBRIGHT & JAWORSKI L.L.P.**
300 Convent Street, Suite 2200
San Antonio, TX 78205
*Attorney for Baxter Healthcare Corporation*

_____
   Craig H. Vittitoe

File # N818

Date reviewed by CHV

CAUSE NO. 2002-11-004565C

| | | |
|---|---|---|
| EDITH BEAVERS AND | § | IN THE DISTRICT COURT |
| CHARLES GENE BEAVERS | § | |
| | § | |
| V. | § | 197TH DISTRICT COURT |
| | § | |
| RIO GRANDE MEDICINE, INC. AND | § | |
| LABORATORY CORPORATION OF | § | |
| AMERICA | § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Edith Beavers** and **Charles Gene Beavers**, Plaintiffs herein, complaining of **Rio Grande Medicine, Inc.**, and **Laboratory Corporation of America**, hereinafter referred to as Defendants, and for their cause of action would respectfully show unto this Honorable Court as follows:

### 1.
### Discovery Control Plan Level

Plaintiffs intend that discovery be conducted under Discovery Level 2.

### 2.
### Jury Request

Plaintiffs hereby demand trial by jury.

### 3.
### Parties and Service

3.01   Plaintiffs **Edith Beavers** and **Charles Gene Beavers** are residents of Cameron County, Texas.

3.02   Defendant **Rio Grande Medicine, Inc.** is a Texas corporation authorized to do business in the State of Texas, which has appeared and answered herein.

3.03   Defendant **Laboratory Corporation of America** is a Delaware corporation authorized to do business in the State of Texas, which has appeared and answered herein.

PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION _____ PAGE

**EXHIBIT**

"A"

**4.**
## Jurisdiction and Venue

4.01    This court has jurisdiction of the subject matter in controversy and of the parties to this lawsuit, and Plaintiffs have suffered damages in a sum in excess of the minimum jurisdictional limits of this court.

4.02    Venue is properly laid in Cameron County pursuant to Section 15.002(a)(1), Civil Practice & Remedies Code because the events giving rise to the causes of action complained of herein occurred in Cameron County, Texas.

**5.**
## Underlying Facts and Causes of Action and Negligence

5.01    Plaintiffs bring this suit to recover for personal injuries sustained by **Edith Beavers** as a result of the negligence of agents, servants, and employees of the Defendants which occurred at the facility of **Laboratory Corporation of America** located on premises owned, operated and/or controlled by **Rio Grande Medicine, Inc**. on December 5, 2000, and which involved a defectively designed, manufactured, improperly maintained and/or broken phlebotomy chair manufactured by **Baxter Health Care Corporation.**

5.02    At the time and on the occasion in question, **Edith Beavers** was a medical patient of Defendants for the purpose of having her blood drawn for laboratory testing in accordance with directions from **Rio Grande Medicine, Inc.** At all material times the Defendants knew of the unreasonably dangerous condition of the premises; specifically, a defective, improperly maintained and/or broken phlebotomy chair which caused **Edith Beavers** to fall when the chair collapsed as she was rising after her blood was drawn; and Defendants neither corrected nor warned Ms. Beavers of such dangerous condition. **Edith Beavers** did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it before her fall. Defendants' failure to correct the condition or

to warn **Ms. Beavers** constituted negligence, and such negligence was a proximate cause of the occurrence in question and her resulting injuries and damages.

### 6.
### Damages Suffered by Edith Beavers

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff **Edith Beavers** was caused to suffer serious and disabling injuries to her body generally, including injuries to Plaintiff's head and brain. Some of such injuries are, in reasonable probability, permanent in nature, and Plaintiff has incurred the following damages:

a)    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

b)    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c)    Physical pain and suffering in the past;

d)    Mental anguish in the past;

e)    Physical pain and suffering in the future;

f)    Mental anguish in the future;

g)    Past loss of earnings;

h)    Future loss of earning capacity;

i)    Physical impairment in the past; and

j)    Physical impairment which, in all reasonable probability, will be suffered in the future;

By reason of all of the above, Plaintiff **Edith Beavers** has suffered losses and damages in a sum to be determined by the jury, but not to exceed the total sum of Two Million ($2,000,000) Dollars, which is within the jurisdictional limits of the Court and for which this lawsuit is brought.

**7.**
## Damages Suffered by Charles Gene Beavers

Plaintiff **Charles Gene Beavers** will further show that he was married to Edith Beavers on the date of the occurrence made the basis of this suit and has been so married for the past 42 years. As a direct and proximate result of the negligence of Defendants, as described above, there has been a substantial impairment of the marital relationship between the Plaintiffs. Accordingly, Plaintiff **Charles Gene Beavers** has had to provide nursing and care to his wife, and has sustained a serious loss of the affection, solace, comfort, companionship, society, counsel, household services, and consortium that he previously received from his spouse.

By reason of the foregoing, Plaintiff **Charles Gene Beavers** has suffered damages in a sum to be determined by the jury, but not to exceed the total sum of Five Hundred Thousand ($500,000) Dollars, which is within the jurisdictional limits of the Court.

**8.**
## Exemplary Damages

As a result of the above described conduct, Defendants were grossly negligent in that the actions of Defendants were more than momentary thoughtlessness, error of judgment, or inadvertence. The actions and conduct of Defendants involved such an entire want of care as could have resulted only from a conscious indifference to the rights and welfare of Plaintiffs. Therefore, for such willful and wanton conduct on behalf of Defendants, Plaintiffs sue for exemplary damages in a sum to be determined by the jury, but not to exceed the total sum of One Million ($1,000,000) Dollars.

## 9.
## Prayer

WHEREFORE, premises considered, Plaintiffs pray that the Defendants be duly cited to appear and answer herein; and that upon a final trial of this cause, Plaintiffs recover:

1) Judgment against Defendants **Rio Grande Medicine, Inc.,** and **Laboratory Corporation of America**, jointly and severally, for their actual and exemplary damages as set forth above in an amount in excess of the minimum jurisdictional limits of this Court;

2) Prejudgment and post-judgment interest at the maximum rate allowed by law;

3) Costs of court; and

4) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

The Law Office of Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Telephone:  956/542-9161
Telefax:    956/542-3651

and

The Law Office of Harold Eisenman, P.C.
1900 West Loop South, Suite 1420
Houston, Texas 77027
Telephone:  713/840-7180
Telefax:    713/840-9620

by: _____
Harold Eisenman
S.B. No. 06503500

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing pleading was served upon Ms. D. Faye Caldwell of Caldwell & Clinton, P.L.L.C., 1000 First City Tower, 1001 Fannin, Houston, Texas 77002 and Mr. Craig Vittitoe, Adams & Graham, L.L.P., P. O. Drawer 1429, Harlingen, Texas 78551, and Mr. John W. Weber, Jr. of Fulbright & Jaworski, L.L.P., 300 Convent Street, Suite 2200, San Antonio, Texas 78205-3792, by First Class letter, postage prepaid and properly addressed on this 8th day of April, 2003.

Jack G. Carinhas, Jr.

CAUSE NO. 2002-11-4565-C

| | | |
|---|---|---|
| EDITH BEAVERS AND CHARLES GENE BEAVERS | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | CAMERON COUNTY, T E X A S |
| RIO GRANDE MEDICINE, INC. AND LABORATORY CORPORATION OF AMERICA | § § § § | 197TH JUDICIAL DISTRICT |

**PLAINTIFFS, EDITH BEAVERS AND CHARLES GENE BEAVERS
AMENDED RESPONSES AND OBJECTIONS TO
DEFENDANTS REQUEST FOR ADMISSIONS**

TO:    Defendant, RIO GRANDE MEDICINE, INC., by and through its attorney of record: Craig H. Vattitoe, Adams & Graham, L.L.P., 222 E. Van Buren, West Tower, P.O. Drawer 1429, Harlingen, Texas 78551

COMES NOW EDITH BEAVERS AND CHARLES GENE BEAVERS, Plaintiffs herein, and pursuant to the Texas Rules of Civil Procedure, files their amended responses and objections to Defendant's Request for Admissions previously served upon them.

Respectfully submitted,

HAROLD EISENMAN, P.C.

By: _____
Harold Eisenman
State Bar No. 06503500
1900 West Loop South, Suite 1420
Houston, Texas 77027
Telephone: (713) 840-7180
Facsimile : (713) 840-9620

ATTORNEY FOR PLAINTIFFS

EXHIBIT
" B "

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff, Edith Beavers and Charles Gene Beavers Amended Responses and Objections to Defendants Request for Admissions has been forwarded to all counsel of record by certified mail, return receipt requested, overnight express mail, facsimile and/or hand delivery, on the ___7___ day of April 2003.

D. Faye Caldwell
Caldwell & Clinton, P.L.L.C.
1000 First City Tower
1001 Fannin
Houston, Texas 77002

Craig H. Vittitoe
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551

John W. Weber, Jr.
Fulbright & Jaworski, L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792

Jack G. Carinhas, Jr.
The Law Office of Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521

HAROLD EISENMAN

## DEFENDANT, RIO GRANDE MEDICINE, INC.'S REQUEST FOR ADMISSIONS TO PLAINTIFF'S EDITH BEAVERS AND CHARLES GENE BEAVERS

6.    Admit that at all times relevant that the allegedly defective or broken chair was owned, possessed and under the control of Laboratory Corporation of America, Inc.

**RESPONSE:**

Admit.

8.    Admit that at all time relevant that Mary Ariste was an employee of Laboratory Corporation of America, Inc.

**RESPONSE:**

Admit.

9.    Admit that at all relevant times that Mary Ariste was not an employee of Rio Grande Medicine, Inc.

**RESPONSE:**

Denied for lack of sufficient information.  Answer will be amended after discovery.

10.    Admit that Rio Grande Medicine, Inc. is not a parent or subsidiary corporation of Laboratory Corporation of America, Inc.

**RESPONSE:**

Admit.

11.    Admit that Laboratory Corporation of America, Inc. is not a parent or subsidiary corporation of Rio Grande Medicine, Inc.

**RESPONSE:**

Admit.

12.    Admit that at all times relevant that Laboratory Corporation of American, Inc. had a contractual relationship with Rio Grande Medicine, Inc. to engage laboratory services.

**RESPONSE:**

Admit.

APR 07 '03 12:54PM

13.     Admit that the Plaintiffs have no competent evidence that Rio Grande Medicine, Inc. knew of the alleged defect to the chair in question prior to the incident made the basis of suit.

**RESPONSE:**

Denied for lack of sufficient information.  Answer will be amended after discovery.

# IN THE UNITED STATES DISTRICT
## COURT FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

EDITH BEAVERS AND         :
CHARLES GENE BEAVERS    :
                                    :
VS                                  :
                                  :      **CIVIL ACTION NO.: B-03-086**
RIO GRANDE MEDICINE, INC., :           (Jury Demanded)
LABORATORY CORPORATION OF :
AMERICA, AND BAXTER     :
HEALTHCARE CORPORATION   :

---

## ORDER SETTING HEARING
## ON DEFENDANT, RIO GRANDE MEDICINE, INC.'S
## MOTION FOR SUMMARY JUDGMENT

---

BE IT REMEMBERED, that on the date shown below Defendant, RIO GRANDE MEDICINE, INC. *Motion for Summary Judgment* having been presented to the Court, the Court is of the opinion that said motion should be set for hearing;

***IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED*** by the Court that said Defendant, RIO GRANDE MEDICINE, INC.'S *Motion for Summary Judgment* should be and the same is hereby set for hearing before this Court at _____ o'clock _____.m. on the _____ day of _____, 2003.

Clerk is to notify all counsel of record.

**DONE** on this the _____ day of _____, 2003 at Brownsville, Texas.

---

*HONORABLE HILDA G. TAGLE*
*UNITED STATES DISTRICT JUDGE*
*Southern District of Texas*
*Brownsville Division*

*Copies to:*

Mr. Harold Eisenman
**LAW OFFICE OF HAROLD EISENMAN, P.C.**
1900 West Loop South, Suite 1420
Houston, TX 776027

Ms. D. Faye Caldwell
**CALDWELL & CLINTON, P.L.L.C.**
1000 First City Tower
1001 Fannin
Houston, TX 77002

Mr. John W. Weber, Jr.
**FULBRIGHT & JAWORSKI, L.L.P.**
300 Convent Street, Suite 2200
San Antonio, TX 78505

Mr. Craig H. Vittitoe
**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, TX 78551-1429

# IN THE UNITED STATES DISTRICT
## COURT FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

EDITH BEAVERS AND   :
CHARLES GENE BEAVERS  :
           :
VS          :
           :    **CIVIL ACTION NO.: B-03-086**
           :       (Jury Demanded)
RIO GRANDE MEDICINE, INC., :
LABORATORY CORPORATION OF :
AMERICA, AND BAXTER :
HEALTHCARE CORPORATION :

---

## ORDER GRANTING
## DEFENDANT, RIO GRANDE MEDICINE, INC.'S
## MOTION FOR SUMMARY JUDGMENT

---

ON THIS DAY the court considered **DEFENDANT, RIO GRANDE MEDICINE, INC.'S MOTION FOR SUMMARY JUDGMENT.** After due consideration of the motion and the legal authorities, the court is of the opinion that *Defendant, Rio Grande Medicine, Inc.'s Motion for Summary Judgment should be granted.*

 **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** by the court that *Defendant's Motion for Summary Judgment* is granted, and that the Plaintiffs' claims and causes of action against Defendant, Rio Grande Medicine, are dismissed with prejudice.

 **IT IS ORDERED** by the court that all court costs are assessed against the Plaintiffs in favor of Rio Grande Medicine, Inc., for which sum let execution issue if not timely paid.

Lastly, **IT IS ORDERED, ADJUDGED AND DECREED** by the court that all relief not specifically recited herein is denied.

**DONE** on this the _____ day of _____, 2003 at Brownsville, Texas.

**HONORABLE HILDA G. TAGLE**
**UNITED STATES DISTRICT JUDGE**
**Southern District of Texas**
**Brownsville Division**

*Copies to:*

Mr. Harold Eisenman
**LAW OFFICE OF HAROLD EISENMAN, P.C.**
1900 West Loop South, Suite 1420
Houston, TX 77027

Ms. D. Faye Caldwell
**CALDWELL & CLINTON, P.L.L.C.**
1000 First City Tower
1001 Fannin
Houston, TX 77002

Mr. Jack G. Carinhas, Jr.
**LAW OFFICE OF JACK G. CARINHAS, JR.**
*Corporate Plaza, Suite 109*
302 Kings Highway
Brownsville, TX 78521

Mr. John W. Weber, Jr.
**FULBRIGHT & JAWORSKI, L.L.P.**
300 Convent Street, Suite 2200
San Antonio, TX 78505

Mr. Craig H. Vittitoe
**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, TX 78551-1429

# IN THE UNITED STATES DISTRICT
## COURT FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

EDITH BEAVERS AND         :
CHARLES GENE BEAVERS     :
                             :
VS                            :
                             :          **CIVIL ACTION NO.: B-03-086**
RIO GRANDE MEDICINE, INC.,   :                  (Jury Demanded)
LABORATORY CORPORATION OF   :
AMERICA, AND BAXTER       :
HEALTHCARE CORPORATION     :

---

## ORDER SETTING HEARING
## ON DEFENDANT, RIO GRANDE MEDICINE, INC.'S
## MOTION FOR SUMMARY JUDGMENT

---

BE IT REMEMBERED, that on the date shown below Defendant, RIO GRANDE MEDICINE, INC. *Motion for Summary Judgment* having been presented to the Court, the Court is of the opinion that said motion should be set for hearing;

***IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED*** by the Court that said Defendant, RIO GRANDE MEDICINE, INC.'S *Motion for Summary Judgment* should be and the same is hereby set for hearing before this Court at _____ o'clock _____.m. on the _____ day of _____, 2003.

Clerk is to notify all counsel of record.

**DONE** on this the _____ day of _____, 2003 at Brownsville, Texas.

                                         _____

                                         ***HONORABLE HILDA G. TAGLE***
                                         ***UNITED STATES DISTRICT JUDGE***
                                         ***Southern District of Texas***
                                         ***Brownsville Division***

*Copies to:*

Mr. Harold Eisenman
**LAW OFFICE OF HAROLD EISENMAN, P.C.**
1900 West Loop South, Suite 1420
Houston, TX 776027

Ms. D. Faye Caldwell
**CALDWELL & CLINTON, P.L.L.C.**
1000 First City Tower
1001 Fannin
Houston, TX 77002

Mr. John W. Weber, Jr.
**FULBRIGHT & JAWORSKI, L.L.P.**
300 Convent Street, Suite 2200
San Antonio, TX 78505

Mr. Craig H. Vittitoe
**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, TX 78551-1429

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EDITH BEAVERS AND
CHARLES GENE BEAVERS

VS

RIO GRANDE MEDICINE, INC.,
LABORATORY CORPORATION OF
AMERICA, AND BAXTER
HEALTHCARE CORPORATION

CIVIL ACTION NO.: B-03-086
(Jury Demanded)

## ORDER GRANTING
## DEFENDANT, RIO GRANDE MEDICINE, INC.'S
## MOTION FOR SUMMARY JUDGMENT

ON THIS DAY the court considered **DEFENDANT, RIO GRANDE MEDICINE, INC.'S MOTION FOR SUMMARY JUDGMENT.** After due consideration of the motion and the legal authorities, the court is of the opinion that *Defendant, Rio Grande Medicine, Inc.'s Motion for Summary Judgment should be granted.*

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** by the court that *Defendant's Motion for Summary Judgment* is granted, and that the Plaintiffs' claims and causes of action against Defendant, Rio Grande Medicine, are dismissed with prejudice.

**IT IS ORDERED** by the court that all court costs are assessed against the Plaintiffs in favor of Rio Grande Medicine, Inc., for which sum let execution issue if not timely paid.